By the Court.
Sandford, J.
The proof that Bishop & Simonson built the vessel, established presumptively the fact, that they were her owners. The evidence that she was built by them, for the Mechanics’ Mining Association, under a contract, does not go far enough to rebut the presumption thus established. In the cases cited on this point, the contracts were produced, and the payments made from time to time to the builder, were fully shown. There is nothing in the evidence before us incompatible with the idea that Bishop & Simonson were to continue the owners of the hull of this vessel, until their work was completed, and the price fully paid. As we cannot anticipate what the case will be when the contract is introduced and evidence given of the payments made by the association, we forbear expressing any opinion as to the question Of ownership, beyond that already stated upon the facts as they now appear.
The defendants contend that the statute does not create a lien upon an incomplete or unfinished ship ; that she must be complete, ready for use, and capable of sailing from port, in order to be a ship or vessel, within the meaning of the act.
We cannot accede to this proposition. The occasion for enforcing a lien for work and materials towards the building of a vessel, arises quite as frequently before she is finished, as it does after that event, and a construction, limiting the lien to the case of vessels completed, would deprive of its benefit a large *360 class of cases, as deserving of protection as any provided for in the act. Indeed, the effect would be to defeat the statute in respect of the building of vessels, for it would become a general practice, to transfer and remove a ship before she was finished, whenever the builder is likely to stop payment, or is embarrassed in his affairs.
The practice under the statute has long proceeded on the assumption that it contemplated unfinished, as well as complete, vessels ; and we believe that, in the ordinary use of the word, the term ship or vessel is applied, and properly applied, to the structure or frame, as soon as it assumes the shape or form of a ship or vessel. We hear the expression, ‘‘ a ship on the stocks,” constantly applied to ships, in all stages of their construction, and we think the statute intended to adopt the common meaning of the words used in it. Therefore, the fact that the ship in question was unfinished, when the attachment issued, does not affect the plaintiff’s claim for a lien under the act. .
The next ground of defence is, that the materials furnished by the plaintiff, were not furnished “ towards the building” of this vessel, but were furnished to Bishop & Simonson, generally, for their business, without any designation of their purpose, or reliance upon the credit of the vessel. Also, that a part only of his materials, went into this vessel.
As to the first branch of the objection, the referee has found that the timber, for which the plaintiff claims, was furnished by him to Bishop & Simonson, as materials for, or towards the building of this ship, and that no term of credit was given to Bishop & Simonson, for the price. The evidence fully sustains the fact, that the timber was furnished for this particular ship ; and, although, as in every case, the material man charged the price to Bishop & Simonson, looked to them for payment, and thus gave them credit for the same, this does not conflict with his also looking to the vessel, and relying uporn the statute lien as his security.
But it does appear, and so the referee states, that a part of tlie timber so furnished, was not used in this vessel ; some of it was sold by Bishop and Simonson’s assignees, and it is probable some went for the repair of other vessels. The plaintiff insists that this non-application of the timber to the building of this ves *361 sel, for which it was bought, is immaterial; that the statute confers the lien when it is sold and delivered for building- the vessel, without regard to its actual application for that purpose.
We do not think that this position is a sound one. The whole theory of a lien for labor and materials rests upon the basis, that such labor and materials have entered into, and contributed to the production or equipment of the thing upon which the lien is impressed. This imposes on the material man the necessity of seeing to it, that his materials are applied to the purpose for which they are procured, if he design to rely upon a lien given to him, by reason of such purpose. The laborer makes the application himself, and hence the difficulty does not extend to'hia case. If the law were, as the plaintiff contends, it would produce inextricable confusion. A ship builder, in doubtful credit, would buy lumber and materials sufficient for building a ship, from several distinct persons. He would buy them for a particular ship designated, and each material man would sell to' him “ for or towards the building” of that ship. He would sell some of the materials thus acquired, and use some in building or repairing other ships. Which of these material men is to have a lien ? Or are all entitled to a lien, amounting in the aggregate, to several times the value of the materials which actually entered into the construction of the ship ; thus, probably, totally displacing, or reducing to a small proportion, the lien of laborers, sail makers, &c., whose work and supplies were used in the building of the ship ?
It is very apparent that such an interpretation of the statute would lead to its complete defeat, as far as any praiseworthy object is to be effected by it.
Under the act of 1198, (1 R. L. 130,) which, among other things, gave a lien for supplies, furnished for, or towards the fitting, furnishing, or equipping of a ship or vessel, the late supreme court, in deciding that fuel supplied to a steamboat did not come within the act, placed it on the ground that the supplies contemplated by the act must be such as enter into the construction or equipment of a vessel, and become a part of her, as distinguished from such articles as are daily consumed, and constantly replaced. The court apparently assume that to con *362 stitute a lieu, the articles must, at all events, go into the vessel, or. be used in or about it, and not merely be furnished for that object, although used for some other purpose.
It may well be doubted, whether a literal interpretation of the words of the statute (2 R. S. 493), confer a lien, unless the articles furnished are actually used in the building, &c., of the vessel against which it is claimed. Can it be said that materials are furnished for, or towards building a ship, when no part of them enter into, or become a part of, the ship ? They may be furnished for the purpose of being thus applied, but is that the same thing as being furnished for the ship ? In other words, does not the idea of furnishing an article for, or towards the building of a ship, embrace as well its application‘to, or in the ship, as its procurement for that object ? I may buy an article of furniture, for the purposes of my library, and with a full intention of placing it there, and then change my mind, and sell it to another. Can it be said that such article was bought for, or towards furnishing my library ?
This doubt, and our conviction that the spirit of the act does not warrant its extension to materials bought for, but never used, in the building of a designated vessel, make it our duty to hold, that for the timber which did not enter into the construction of the ship in question, the plaintiff had no lien.
This interpretation of the statute imposes no undue hardship upon material men. The act gives them a privilege over all general creditors, on 1he footing, that the articles furnished by them, have contributed to the making of the ship, against which it is claimed. It is certainly not asking too much, that they shall look to the application of what they furnish, if they intend to create the statutory lien.
It was incumbent on the plaintiff to prove the extent of his lien. He did not prove it to the amount allowed to him by the referee, and we must therefore set aside the report, and order a new trial.