## MULLIN *vs.* HICKS and another.

Within the contemplation of the act of April 2, 1862, providing for the collection of demands against ships and vessels, and other similar statutes, the place where the services are in fact rendered, although they are rendered under and in pursuance of a contract made at another place, is the place where the debt is deemed to have been contracted.

Thus, where a contract was entered into at the city of New York, between the plaintiff and the master of a ship, by which the former agreed to load said ship, with oak timber, for a specified sum; and the ship—then lying at Brooklyn—was afterwards moved to Weehawken, in the state of New Jersey, where she was loaded by the plaintiff, under and in pursuance of the contract; *Held* that the sum due to the plaintiff for his services in loading the

Mullin *v.* Hicks.

ship was not a debt contracted within the state of New York, nor a subsisting lien upon the vessel, for which an attachment could be issued under the act above mentioned.

APPEAL from a judgment entered on the report of a referee.

*William W. Goodrich,* for the appellant.

*Robert W. Andrews,* for the respondent.

*By the Court,* WELLES, J. The action was brought upon a bond executed by the defendants to the plaintiff in the penalty of $1800, dated May 28, 1864. The condition of the bond, after reciting that the ship "Julia," her tackle, apparel and furniture had been attached under and in pursuance of an act providing for the collection of demands against ships and vessels, to satisfy an alleged claim of the obligee against said vessel for the sum of $871.65, provided that if the obligors should pay the amount of any and all claims and demands which should be established to be due the obligee, and to have been a subsisting lien upon said vessel pursuant to the provisions of the act entitled "An act for providing for the collection of demands against ships and vessels," passed April 2, 1862, then the said obligation to be void; otherwise to remain in force, &c. The first section of the act referred to in the condition of the bond provides that whenever a debt amounting to $50 or upwards as to a sea going or ocean bound vessel, or amounting to $15 or upwards as to any other vessel, shall be contracted by the master, owner, charterer, builder or consignee of any ship or vessel, or the agent of either of them, within this state, for either of the following purposes, &c. The section then proceeds to enumerate five particulars or discriptions of indebtedness for which a lien upon the vessel is or may be created; the fourth of which is as follows: "On account of loading or unloading, or for advances made for the purpose of pro-

curing necessaries for such ship or vessel, or for the insurance thereof." Such debt shall be a lien upon such vessel, her tackle, apparel and furniture, and shall be preferred to all other liens thereon except mariner's wages.

On the first day of April, 1864, a written contract was entered into between the plaintiff and John R. Crosby, the master of the ship "Julia," by which the former agreed to load said ship with oak timber, &c. for the sum of $1.90 per load of fifty cubic feet, the master agreeing to pay that sum. This contract bore date and was actualy made and entered into in the city of New York, the vessel lying at the time at Brooklyn. She was afterwards moved to Weehawken in the state of New Jersey, and fastened to a dock there, where she remained during the whole time the plaintiff was loading her.

On the 27th day of May, 1864, and after the plaintiff had completed the loading of the vessel, he procured an attachment from a justice of this court in pursuance of the provisions of the above mentioned act, upon which the vessel was seized, and from which she was released, and the attachment discharged upon the execution and delivery of the bond upon which the present action was brought.

The report of the referee states, among other things, "That under agreements for that purpose, made in the city of New York, the plaintiff loaded the ship "Julia" with a cargo, consisting of oak and pine lumber and staves, and that there is due to him for such labor and services a balance of $871.00 over and above all payments and just deductions," also, "that the ship was a sea going and ocean bound vessel, and the agreements to load were duly made by and with her master." Also, "that during the time the plaintiff was so loading the vessel, she lay attached to a pier or wharf at or near Weehawken on the New Jersey shore, opposite the city of New York." And he found, as a conclusion of law, that the debt for which the attachment was issued, was not contracted within the state of New York; that it was not a

Mullin *v.* Hicks.

subsisting lien upon the vessel at the time the attachment was issued ; that the defendants were entitled to judgment ; and that the complaint be dismissed with costs. Judgment having been entered upon the report of the referee, in favor of the defendants, the plaintiff brought the present appeal.

The question to be decided is whether the plaintiff had a lien upon the ship for the debt due him for his services as stevedore, in loading her. And this depends upon the question where the debt was contracted. One of the provisions in the condition of the bond, was that the plaintiff had a subsisting lien for his demand at the time the attachment was issued ; and by the express provision of the statute referred to, the debt must have been contracted in the state of New York, in order to create such lien. The agreement under which the plaintiff's services in loading the vessel was performed, was made in the state of New York. There was no debt in existence however, until the plaintiff had performed his part of the agreement ; when that was done a debt came into existence. Where was that debt contracted ? Upon general principles it seems to me it was where the express agreement was made under which the services were rendered. That agreement was the only one made by and with the plaintiff in reference to loading the vessel. If no such express agreement had been made, the law would imply one on the part of the master of the vessel, and probably on the part of her owners, upon the full performance by the plaintiff of his services, to pay therefor what they were reasonably worth. In such a case the debt would properly be regarded as having been contracted at the place where the services were completed, which in the present case would be in the state of New Jersey, and not in the state of New York.

It is a sound principle, I believe, that where there is an express agreement, none is to be implied in relation to the subject matter of the express one. Here, therefore, there was no agreement or contract for the plaintiff's services, or the payment therefor, except the express one which was

made in New York. It is true, as before stated, that there was no debt due to the plaintiff until the services in loading the ship were fully performed ; but when the debt came into existence upon the performance of the services, it rested for its validity upon the contract made in New York. It was there contracted for, in anticipation, and the contract made in New York, was the only one in the case. But on this subject the current of authority which I believe is unbroken, in regard to the place where the indebtedness is deemed to have been contracted, has settled the question adversely to the views just expressed, and holds that within the contemplation of the statute referred to, and of other similar statutes, the place where the services are in fact rendered, although rendered under and in pursuance of a contract made at another place, is the place where the debt is deemed to have been contracted. (*Crawford* v. *Collins,* 45 *Barb.* 269. *The Alida,* 1 *Abb. Adm.* 173. *Veltman* v. *Thompson,* 3 *Comst.* 438. *Garrison* v. *Howe,* 17 *N. Y. Rep.* 458, 465. *Phillips* v. *Wright,* 5 *Sandf.* 342, 362. *Hiscox* v. *Harbeck,* 2 *Bosw.* 506.) I bow respectfully to this array of authorities ; and if my brethren concur with me, the judgment must be affirmed with costs.

[New York General Term, June 3, 1867. *Leonard, Clerke* and *Welles,* Justices.]