Brady, J.
The Metropolis was lying upon the stocks, unfinished, and in the course of construction, when the contract referred to was entered into and performed.
The claim is for materials furnished to a vessel before launching, and while on the land, and is not, therefore, maritime in its nature (Sheppard v. Steele, 43 N. Y., 54; see also Brookman v. Hamill, Id., 554).
If the materials had been delivered at Newburyport, in the State of Massachusetts, the objection that the debt was one not contracted within this State, might be plausible under the ruling in Mullin v. Hicks (49 Barb., 250); but it is alleged, and admitted by the demurrer to be true, that the articles named were furnished in this State,—to wit: at the city of New York,—for and towards the building, fitting out, furnishing and equipping of the vessel. It assumes, the character of a transaction by which the plaintiff undertook to make certain articles, and to deliver them at the city of New York to some person authorized to receive them for transportation.
These acts,—namely, the manufacture and delivery here,—would make the debt, beyond all doubt, one contracted within this State.
The decision of the court of appeals in the case of The Josephine (39 N. Y., 19), is explained and limited *169 in Brookman v. Hamill (supra), and its operation confined to cases in which the claim is strictly maritime.
The demurrer, for these reasons, must be overruled, with leave, however, to the defendants to answer in ten days on payment of the costs of the demurrer.
Ordered accordingly.