# UNITED STATES FIDELITY & GUARANTY CO. v. STAR BRICK CO.

No. 5486.  Opinion Filed December 14, 1915.

(153 Pac. 1122.)

1.  **MUNICIPAL CORPORATIONS — Contracts — Requirement of Guaranty from Contractor.** A city has the undoubted authority, in the absence of specific statutory authority, to require a guaranty to be given by a contractor to secure the payment of material furnished and labor performed under a contract with such city, as the taking of such guaranty is not in violation of any public policy or law of this state.

2.  **SAME—Guaranty of Paving Contractor—Payments for Material and Work—Time to Sue—"Bond."** A guaranty embraced in a contract, given by a contractor for the payment of material furnished and work done, under a contract with a city for constructing paving in said city, is not in any manner the execution of the bond provided for by section 6164. Comp. Laws 1909 (section 3882, Rev. Laws 1910) ; and an action upon such guaranty is not barred under section 6165, Comp. Laws 1909 (section 3882, Rev. Laws 1910), if not brought within six months after completion of the work done.

3.  **LIMITATION OF ACTIONS—Paving Contract—Guaranty of Payment for Material and Labor—Limitation Period.** The time within which an action may be brought against a guarantor for a breach of a guaranty contained in said contract with the city for failure of the contractor to pay for material furnished and labor performed in performing the contract is fixed by section 4657, Rev. Laws 1910, and not by section 3882, Rev. Laws 1910.

(Syllabus by Collier, C.)

*Error from District Court, Nowata County;*
*T. L. Brown, Judge.*

Action by the Star Brick Company, a corporation, against the United States Fidelity & Guaranty Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*E. B. Lawson* and *C. A. Loomis,* for plaintiff in error.

*W. J. Campbell* and *Tillotson & Elliott,* for defendant in error.

Opinion by COLLIER, C. This is an action brought by the Star Brick Company, hereinafter called plaintiff, against the United States Fidelity & Guaranty Company, hereinafter called defendant, for a breach of the guaranty contained in a contract entered into by and between the city of Nowata, Okla., and Nelson Bros., and the defendant, as party of the second part in said contract, for the construction of paving in said city. The guaranty contained in said contract and counted upon in this action is in the following words and figures:

"Said party of the second part hereby guarantees that said party of the first part will well and truly perform the covenants hereinbefore contained, to pay for the work and labor of all laborers and teamsters, teams, and wagons employed on the work, and for all materials used therein; and, if the cost of such work and labor and materials is not paid in full by the said party of the first part, then the said parties of the second part hereby agree to pay for said work, labor, and materials or any part thereof which shall not be paid by the said first party within ten days after the money for said work, labor, and materials becomes due and payable, and this provision shall entitle any or all laborers or teamsters

and owners of teams and wagons who may do work, and parties who may furnish materials on or for the improvements to be done under this contract, to sue and recover from said second party ·or either of' them the amount due or unpaid to them by said first party; but said second party shall not be liable on this guarantee on account of materials used and labor done upon said work beyond the sum of six thousand six hundred and twelve and 89-100 dollars, the same being fifty per cent. of the approximate cost of said work."

The breach of said guaranty is averred in said petition to be the failure of defendant to pay for brick furnished to the contractors, Nelson Bros., by plaintiff in the sum of $2,180, and used in the construction of said pavement.

Defendant demurred to the petition, upon the ground that it did not state facts sufficient to constitute a cause of action against defendant, which demurrer was overruled and exception saved. Thereupon defendant answered, and set up as its defense to the action that the action was not brought within six months after the completion of the work contracted by said contract to be done, and that said action was barred under and by virtue of the provisions of section 6165, Comp. Laws 1909 (section 3882, Rev. Laws 1910), and that the city had no authority to take such guaranty.

The case was tried upon the following agreed statement of facts:

"It is agreed by and between the plaintiff and defendant that the following is an agreed statement of facts in this case, to wit:

"It is agreed that on June 19, 1911, an agreement was entered into between the city of Nowata, Okla., Nelson Bros., and the United States Fidelity & Guaranty

Company, the defendant in this case, and that on the 19th day of June, 1911, a guaranty was entered into by and between Nelson Bros. and the United States Fidelity & Guaranty Company, defendant in this case, and that a copy of said agreement containing contract and specifications, together with a copy of the guaranty, is attached to the defendant's answer on file in this case, and that the same may be considered and used in evidence in this case.

"It is further agreed between the parties hereto that Nelson Bros., under said contract, completed their work under the terms of said contract on December 4, 1911, and the work was accepted and received by the city of Nowata, Okla., and paid for by the city of Nowata, Okla., by delivery of their improvement bonds to Nelson Bros., on December 5, 1911, more than six months prior to the commencement of this suit, which suit was commenced on December 18, 1912.

"It is further agreed between the parties hereto that plaintiff herein, the Star Brick Company, furnished to Nelson Bros. material, which material was furnished for and used in the completion of the contract between Nelson Bros. and the city of Nowata, to the amount of $1,-537, which sum has not been paid to plaintiff by Nelson Bros. or by any one else, and for which amount the plaintiff is entitled to judgment, if entitled to any judgment at all in this case.

"It is further agreed that the defendant herein is a fidelity company, engaged in the business of furnishing bonds and guaranty contracts, such as the one executed as above agreed and pleaded as above stated, and that it executed this bond for its usual premium for bonds of like kind.

"It is further agreed between the parties hereto that prior to the expiration of six months from the completion of the contract on December 4, 1911, that demand was made by the Star Brick Company, plaintiff herein, on

the United States Fidelity & Guaranty Company for the payment of $2,180.08, claimed to be due from Nelson Bros. to the Star Brick Company under the contract, and that the defendant herein did not admit nor disclaim liability, but continued negotiations with a view to determining all the facts in the case for the purpose of enabling it to ascertain whether or not it would pay the claim presented or refuse to pay the same, and that such negotiations continued until more than six months after the completion of the work, and the defendant company did not until within six months prior to the institution of this suit finally announce that it would not pay the claim or any part of the claim which was made for materials furnished as sued for in this action."

At the conclusion of the evidence counsel moved the court to render judgment for defendant, and declared the law to be, under the pleadings and agreed statement of facts, that plaintiff was not entitled to recover. Upon which motion no ruling of the court is shown by the record. By agreement the case was tried to the court, and judgment rendered against defendant for the sum of $1,692.20, and costs, to which defendant excepted. Within the proper time defendant filed a motion for new trial, which was overruled and exception saved. To reverse said judgment this appeal is taken.

We are of the opinion that plaintiff's petition states a good cause of action, and that the court did not err in overruling the demurrer thereto.

It is earnestly insisted by defendant that this guaranty, in effect, is the taking of the bond provided for by section 6164, Comp. Laws 1909 (section 3881, Rev. Laws 1910), and that the action is barred by the provisions of section 6165, Comp. Laws 1909 (section 3882, Rev. Laws 1910), said action not having been brought within

six months after the completion of the paving contracted to be constructed, and that said city had no authority to enter into said contract of guaranty. In short, the entire defense is predicated upon said statute of limitations of six months and want of authority on the part of the city to enter into the contract of guaranty. We think both these contentions entirely are untenable. Said guaranty embraced in said contract was not intended as the bond provided by said section 6164, *supra*, to be taken, because said guaranty does not run to the State of Oklahoma, is not in the amount required by said section 6164, was not filed in the office of the clerk of the district court, and is in no wise in accord with said section, save and except as to the guaranty to pay for material furnished and labor performed. Consequently said section 6164 has no application; and an action on such guaranty is not barred if not commenced within six months from the completion of the work contracted to be done, and such action may be brought within five years after the cause of action accrued. Section 4657, Rev. Laws 1910. That the city had full authority to enter into the contract of guaranty here sued upon is fully sustained by the authorities.

In *Southern Surety Co. v. Waits*, 45 Okla. 513, 146 Pac. 431, which is a case directly in point, it is said:

"The city had the undoubted right, in the absence of statutory authority, to require bonds to secure payment of labor and material furnished in the progress of the work. *City et al. v. Hindry*, 40 Colo. 42, 90 Pac. 1028, 11 L. R. A. (N. S.) 1028; *Baker v. Bryan*, 64 Iowa, 561, 21 N. W. 83; *Glencoe Lime & Cement Co. v. Von Phul*, 133 Mo. 561, 34. S. W. 843, 54 Am. St. Rep. 695; *Devers v. Howard*, 88 Mo. App. 253; *Am. Surety Co. v. Raeder*, 15 Ohio Cir. Ct. R. 47; *Phila. v. Stewart*, 195

Pa. 309, 45 Atl. 1056; *Lyman v. Lincoln,* 38 Neb. 794, 57 N. W. 531; *Kaufmann v. Cooper,* 46 Neb. 644, 65 N. W. 796; *State ex rel. Bartelt v. Liebes,* 19 Wash. 589, 54 Pac. 26."

A plea of *ultra vires,* as a general rule, is not allowed to prevail where it will not advance justice, and will accomplish a legal wrong. *State ex rel. Bartelt v. Liebes,* 19 Wash. 589, 54 Pac. 26.

A bond taken from a contractor by the trustees of a public building, in terms made for the benefit of materialmen, needs not the authority of an express statute to be available to the beneficiaries. *Smith v. Bowman,* 32 Utah, 33, 88 Pac. 687, 9 L. R. A. (N. S.) 889.

An express statutory authority to a municipal corporation is not essential to the validity of a provision or condition in a contract and surety bond for the construction of a public work, for the payment of claims for labor and materials, so as to enable laborers and materialmen to sue upon the bond. *Doll v. Crume,* 41 Neb. 655, 59 N. W. 806.

A general authority given by statute to public officers or bodies to contract for the construction of public works authorizes the insertion in a contract for such works, and in a bond given to secure the performance of such contract, of obligations and covenants binding the contractor and his sureties to pay the claims for labor and materials. *United States Gypsum Co. v. Gleason,* 135 Wis. 539, 116 N. W. 238, 17 L. R. A. (N. S.) 906.

It clearly appearing that the petition stated a good cause of action, and that the answer did not set up any legal defense, had proper motion been made, judgment should have been rendered for plaintiff upon the pleadings. *Long v. Shepard,* 35 Okla. 489, 130 Pac. 131.

It follows that, as the agreed statement of facts fully sustains the averments of the petition, and such agreed facts do not show any legal defense to the action, the court did not err in rendering judgment for plaintiff.

This cause should be affirmed.

By the Court: It is so ordered.