**CARL et al. v. RICHARDS et al.**

No. 15177—Opinion Filed April 7, 1925.

**Municipal Corporations — Public Improvement—Contractor's Bond—Sufficiency to Protect Laborers and Materialmen.**

The provision for bond in the interest of laborers and materialmen, under section 7486, Comp. St. 1921, was made for their protection in the construction of enterprises for the public, and where the bond given by the contractor and signed by the sureties is in substantial compliance with the statute and contains the provision stated along with other provisions to fulfill the contract for the work to be done, the right cannot be denied and the statute nullified for failure to insert the provision in the contract.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Harper County; Arthur G. Sutton, Judge.

Action by Clare L. Richards against R. Y. Walker, J. W. Carl, E. Lee Adams, E. C. Johnson, A. B. DeWater, B. E. Williams, W. W. Vincent, and Dr. E. M. Miller, to enforce a claim under a contractor's bond. Judgment for plaintiff's assignees, and defendants appeal. Affirmed.

J. L. Griffitts, for plaintiffs in error.

D. P. Parker, for defendants in error.

Opinion by THREADGILL, C. This action was commenced by Clare L. Richards, as plaintiff, against R. Y. Walker, J. W. Carle, E. Lee Adams, E. C. Johnson, A. B. DeWater, B. E. Williams, and W. W. Vincent and Dr. E. M. Miller, as defendants, to enforce a claim under the contractor's bond, growing out of the construction of a waterworks system for the town of Buffalo, in favor of L. B. Coffey, his assignee.

The items, making up the claim in the sum of $263.40, were for work and labor performed in the employ of the contractor, R. Y. Walker, in contracting the waterworks system. The plaintiff had obtained a judgment against the contractor on January 23, 1923, for the said sum, and costs taxed at $20, and assigned this judgment to L. B. Coffey, who, by execution thereafter, collected all of it except $119.72, for which this action was prosecuted.

The trustees of the town of Buffalo entered into a contract with R. Y. Walker to install the waterworks system for the town at a cost of $260,000 to be paid for in bonds. The contract provided that the contractor should furnish all the material and labor and construct the waterworks system according to the plans and specifications subject to the inspection and approval of the engineer agreed on.

Before entering upon the work the contractor executed the following bond:

"Know all men by these present, that we, R. Y. Walker, as principal and B. E. Williams and W. W. Vincent, as sureties, are held and firmly bound unto the board of trustees of the town of Buffalo, Harper county, state of Oklahoma, in the sum of $260,000 well and truly to be paid, and for the payment of which we, and each of us, hereby bind ourselves, our heirs, executors and administrators, jointly and severally by these presents.

"The conditions of these obligations are such that, whereas, the said R. Y. Walker, upon behalf of himself, has entered into a contract with the trustees of the town of Buffalo, Harper county, state of Oklahoma, for the construction of a waterworks supply and system which said contract was fully approved by said board of trustees

on the 21st day of February, 1921, as is shown by written acceptance thereof signed by the chairman of said board and attested by its clerk, under seal of the town of Buffalo, which contract is hereto attached and made a part of this undertaking.

"Now therefore, if the said R. Y. Walker, shall impound the water supply and construct the necessary flow lines, buildings and appurtenances called for in the plans and specifications governing the construction of such waterworks supply and system, which plans and specifications are made a part hereof, the same as if herein written, within the time thereof specified; shall well and truly pay or cause to be paid all sums of money due for any and all labor and material used in the construction of said waterworks supply and system; and shall do and perform the acts designated in said written contract; then this obligation shall be null and void; otherwise to remain in full force and effect.

"Given our hands this 17 day of March, 1921.

"R. Y. Walker, principal.

"B. E. Williams, W. W. Vincent, J. W. Carl, Dr. E. M. Miller, sureties."

Plaintiff's amended petition stated the facts as to the contract and execution of the bond and the items of labor performed, and not paid for, and attached a copy of the contract and a copy of the bond, and stated the judgment obtained against the contractor, the assignment, and the partial satisfaction, and asked for judgment against the defendants for balance. On demurrer the cause was dismissed as to the town trustees.

Defendants' answer was a general denial, and further stated that the bond pleaded by plaintiff was not taken, approved, or filed as required by section 3882, Rev. Laws 1910, prior to the rendering of said services or the performance of said labor by plaintiff for the defendant Walker, and further stated that there was no provision in the contract guaranteeing payment for labor in the construction of the waterworks system, and that the said bond did not fix the liability beyond the terms of the contract, and that it was only given to the town of Buffalo and for its protection. The plaintiff replied by general denial. The issues were tried to the court on September 12, 1923, and resulted in a judgment in favor of the plaintiff's assignee, L. B. Coffey, against the sureties on the contractors' bond, and the defendants have appealed by petition in error and case-made and ask for a reversal on only one assignment of error, which is as follows:

"Plaintiffs in error make only one assignment of error namely; the learned trial court erred in holding that the bond signed by the plaintiffs in error covered the items sued for and in holding that as against voluntary sureties the court could read into the contract something that was not there and thereby bind these sureties."

Defendants first contend that the contract for constructing the waterworks system is the basis of the bond and this contract provided that the contractor should give the bond guaranteeing the fulfillment of the contract, but it did not guarantee "that the property will be turned over free and clear of liens or that the material and labor will be paid for," and since there was no such provision in the contract the bond could not and did not fix any liability beyond the contract, and although the bond provided for payment for work and labor performed this provision was void and of no force and effect. This is not the language used by defendants in their brief, but it is the substance of the reasoning in their contention. We cannot see its consistency. The waterworks system was in the nature of public property and no lien could attach for work and labor performed or materials furnished in the construction thereof. The law fixed this by statute and it was not necessary for such a provision to be written in the contract. The bond given was to meet this condition and give protection to the employes where the mechanics' lien statutes failed to give protection and the statute provided for just such a contingency. Section 7486, Comp. Stat. 1921, provides as follows:

"Whenever any public officer shall, under the laws of the state, enter into contract in any form exceeding $100, with any person or persons, for purposes of making any public improvements, or constructing any public buildings or making repairs on the same, such officer shall take from the party contracted with a bond with good and sufficient sureties to the state of Oklahoma, in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or materials furnished in the construction of said public building or in making said public improvements."

This provision is in addition to the contract, and it would make no difference whether the contract provided for such bond or not or provided for the indebtedness incurred for labor or material furnished or not. This statute fixes the liability and requires the bond to be given. We do not look to the contract for the liability, but

to the bond and the statute under which it is given:

The statute is made for the protection of laborers and persons furnishing material in the construction of public works, and where the bond is in substantial compliance with the statute and contains the provision stated along with other provisions to fulfill the contract for the work to be done, the right cannot be denied and the provision of the statute is not nullified for failure to insert it in the contract.

In the instant case the bond was in compliance with the statute above quoted except in one particular. It was made to the board of trustees of the town of Buffalo instead of being made to the state of Oklahoma, but this variance is not material as shown by the following cases: Thompson v. Grider Implement Co., 36 Okla. 165, 128 Pac. 266; Tulsa Rig, Reel & Mfg. Co. v. Hansell et al., 69 Okla. 151, 170 Pac. 513; Lohr & Trapnell et al. v. R. W. Johns-Manville Co., 77 Okla. 6, 185 Pac. 526.

It seems to be defendants' contention that in order to fix liability on the sureties in the bond it is necessary to provide for it in the contract, and they cite us to Hutchinson v. Krueger, 34 Okla. 23, 124 Pac. 591. The material provision in this bond is as follows:

"Now, if the said Robert Krueger shall pay all claims for labor and material contracted in the erection of said county jail building, to each and all persons entitled thereto, and which claims might be the basis of liens on said lots and buildings, then this bond to be void, otherwise to remain in full force and effect in law for the use and benefit of any person in whose favor liens might accrue."

It was held that the obligation fixed in the bond was only for such claims as might become a lien on the building and in as much as the claims sued on could not become liens, the building being a public building, they did not come within the provisions of the bond. The bond was not in compliance with the statute and no liability was fixed. The case of Dolese Bros. Co. v. Chaney & Rickard et al., 44 Okla. 745, 145 Pac. 1119, is cited on same point. As suggested by plaintiff the point decided was that Chaney, who alone had license to construct sidewalks in the city of Enid, and who alone with Rickard had given a bond conditioned among other things to pay for all labor and material, was bound to pay for said labor and

material and so were his bondsmen and those of Chaney and Rickard. In other words the bond contract under the statute controlled rather than the contract of Chaney as the licensed contractor.

They also cite the case of Oklahoma Portland Cement Co. v. Chaney et al., 50 Okla. 180, 150 Pac. 884, which was decided on the authority of the Dolese Bros. Co. v. Chaney & Rickard, supra, and adds nothing to that case.

Evatt v. Dulaney et al., 51 Okla. 81, 151 Pac. 607, it also cited, but this case is not applicable because the bond in question was a judicial bond and given under an order of court to release a restraining order to prevent removal of property upon which a mechanic's lien was claimed, and it was held the bond should be construed according to its terms and not in connection with the mechanic's lien statute. None of these cases support the defendant's contention that the bond must be based upon the contract and grow out of it for its authority to fix liability rather than in compliance with the statute to fix liability.

We must, therefore, hold that the bond given in this case by the contractor, R. Y. Walker, was a statutory bond, under section 7486, Comp. Stat. 1921, and was in substantial compliance therewith and the sureties thereon are liable and bound to pay any indebtedness for labor performed and material furnished in the construction of the waterworks system. The judgment of the court should be affirmed.

Defendants in error, in their brief, call attention to the supersedeas bond of plaintiff in error and ask for judgment against the sureties. The record shows that the bond was given in the sum of $250, with C. B. Brink and C. R. Cool as sureties, conditioned to pay the judgment and all costs if the same was affirmed on appeal, and said judgment being affirmed, as above set out and stated, the defendant in error is entitled to judgment on said bond against the sureties. Judgment is, therefore, hereby rendered in favor of L. B. Coffey, as assignee of Clare L. Richards, in the sum of $119.72 with interest and costs, against C. B. Brink and C. R. Cool, sureties, on the said supersedeas bond, in this cause, for which execution may issue.

By the Court: It is so ordered.