774

No. 32,098

E. L. CAVANAUGH and EMIL GRAFF, *Appellees*, v. THE GLOBE
INDEMNITY COMPANY, *Appellant*.

(44 P. 2d 216)

Opinion filed May 4, 1935.

*Paul J. Wall, Carl I. Winsor* and *John E. Boyer*, all of Wichita, for the appellant.

*Ezra Branine, Alden E. Branine* and *Fred Ice*, all of Newton, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action on a faithful performance bond. Judgment was for plaintiffs. Defendant appeals.

On December 5, 1930, the state highway commission entered into a contract with the Whitney-Teeter Construction Company for the construction of a project on the state highway system. A considerable part of this contract was subcontracted to plaintiffs. When the Whitney-Teeter Company entered into the contract it gave two bonds. One bond was given pursuant to R. S. 1931 Supp. 68-410. That section is as follows:

"All contracts for the construction, improvement, reconstruction and maintenance of the state highway system, the cost of which exceeds one thousand dollars ($1,000) except contracts between the state highway commission and the various counties shall be awarded at a public letting to the lowest responsible bidder. The state highway commission shall make necessary rules and regulations covering the making and receiving of bids and letting of contracts: *Provided,* That in case of an emergency, the nature of which shall be stated in the minutes of the state highway commission, contracts for repairs and reconstruction may be let without public letting and notice, as provided

in this act. The person or persons to whom a contract may be awarded shall give good and sufficient surety bond by a company authorized to do business in this state, to be approved by the state highway commission in such sum as the state highway commission shall fix, not less than such contract price, conditioned that such contractor will faithfully perform such contract in every respect: *Provided,* That the state highway commission shall have the right to reject any and all bids."

This is commonly known as a faithful performance bond. Pertinent provisions of this bond are as follows:

"1. The party of the second part (construction company) agrees with said party of the first part (highway commission) at his own proper cost and expense to do all the work, furnish all material and labor necessary to do the work in accordance with the plans and specifications herein described and in full compliance with all of the terms of this agreement and the requirements of the engineers under it; and,

"2. It is also understood and agreed that the advertisement, proposals, bond, specifications and plans hereto attached, or hereinbefore referred to are all essential documents of this contract and are a part thereof."

The other bond was given pursuant to the provisions of R. S. 60-1413 and 60-1414. This is known as a contractor's statutory bond. These two sections are as follows:

"That whenever any public officer shall, under the laws of the state, enter into contract in any sum exceeding one hundred dollars, with any person or persons for the purpose of making any public improvements, or constructing any public building or making repairs on the same, such officer shall take, from the party contracted with a bond with good and sufficient sureties to the state of Kansas, in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building or in making said public improvements."

"That such bond shall be subject to the approval of the clerk of the district court of the county in which such public improvement is to be made or such public building is to be erected and shall be filed in the office of said clerk. When such bond is so approved and filed no lien shall attach under this article, and if when such bond is filed liens have already been filed, such liens shall be discharged. Any person to whom there is due any sum for labor or material furnished, as stated in the preceding section, or his assigns, may bring an action on said bond for the recovery of said indebtedness: *Provided,* That no action shall be brought on said bond after six months from the completion of said public improvements or public buildings."

It will be noted that any action on a bond given pursuant to the above sections must be brought within six months from the completion of the improvements. This improvement was completed on

March 16, 1932. The action was brought September 1, 1933. It will be noted that any action under the contractor's liability bond was barred by the lapse of time before this action was brought.

This action was brought upon the bond given pursuant to R. S. 1931 Supp. 68-410, known as the faithful performance bond. Upon the completion and acceptance of the project, the Whitney-Teeter Construction Company was paid the contract price in full. That company paid plaintiffs only part of the amount due them under their contract. This action was brought to recover the balance. Defendant demurred to the petition. This demurrer was overruled. It then filed a plea in abatement. This was overruled. From these two orders this appeal is taken.

The position of defendant is that the only right of action available to plaintiffs was upon the contractor's bond and that since this action was commenced more than six months after the completion of the contract the plaintiffs cannot recover and judgment should have been for the defendant.

The theory of plaintiffs is that the contract between the Whitney-Teeter Construction Company and the highway commission should be construed with the bond. The argument is that when this is done the construction contract bound the Whitney-Teeter Company to furnish and pay for the material and labor that went into the project; that the faithful performance bond was given to secure the faithful performance of the contract; that it was made for the benefit of plaintiffs as third parties, and that since plaintiffs furnished some labor and the materials that went into the completed job they are entitled to sue on that bond. To sustain that position they cite the *Topeka Steam Boiler Works Co. v. United States F. & G. Co.*, 136 Kan. 317, 15 P. 2d 416; also, *Cooke v. Luscombe*, 132 Kan. 147, 294 Pac. 849. In none of the authorities cited had the contractor given two bonds, as is the case here.

The bond that was given in compliance with R. S. 60-1413 and 60-1414 was intended for the benefit of laborers, materialmen and other lienholders. They can enforce a lien against the property where it is privately owned. The requiring of this bond was intended to give them the same protection where the property which had received the benefit was publicly owned. (See *Road Supply and Metal Co. v. Bechtelheimer*, 119 Kan. 560, 240 Pac. 846.)

In this case not only should the bond given in compliance with R. S. 1931 Supp. 68-410 be construed with the contract between the

highway commission and the original construction company, but the bond given in compliance with R. S. 60-1413 should also be considered in the same connection. When we do this a different situation presents itself than was presented in the authorities upon which plaintiff relies.

When the construction contract was entered into protection was provided for parties in the position of plaintiffs by the contractor's bond. This bond was required by statute. In the cases involving privately owned projects where the faithful performance bond is the only one given, there is a reason why it should be held to cover claims of laborers and materialmen. Were it not so held the owner of the property might find that after he had paid the full contract price his property would still have some liens against it. Obviously such a situation violates the terms of a faithful performance bond where the bond is construed with the construction contract to bind the contractor to furnish and pay for all labor and material used in the building. In cases where the project is a public one, however, R. S. 60-1413 requires a bond to secure parties who stand in the position in which lienholders would have stood had the project been a private one. There are some requirements that must be met. One of them is that the action to take advantage of this bond must be filed not more than six months after the completion of the work. This is not an unreasonable provision. In cases of private contracts, where the intention is to file a lien, there are additional requirements. These have been held to be reasonable. (See *Road Supply and Metal Co. v. Bechtelheimer*, 119 Kan. 560, 240 Pac. 846.)

At the time the job was completed plaintiffs had a right to proceed on the contractor's bond. This right existed for six months thereafter. Since plaintiffs failed for six months to take advantage of the bond that had been given for their benefit, no good reason appears for holding that the faithful performance bond was given for their benefit.

The judgment of the trial court is therefore reversed with directions to enter judgment for defendant.