**MID–CONTINENT CASUALTY COMPANY, a Corporation, Plaintiff in Error,**

v.

**W. S. DICKEY CLAY MFG. CO., a Delaware Corporation, Defendant in Error.**

**No. 42349.**

Supreme Court of Oklahoma.

Sept. 8, 1970.

Milstein, Milstein & Morehead, Richard Cleverdon, Tulsa, for plaintiff in error.

Smith, Leaming & Swan, Hal D. Leaming, Oklahoma City, for defendant in error.

JACKSON, Justice.

This is an appeal by co-defendant, Mid-Continent Casualty, from judgment for plaintiff in an action for the recovery of money due for materials furnished by plaintiff for use in a public construction project in Tulsa. Plaintiff, W. S. Dickey Clay Manufacturing Company, furnished the materials to Southwest Construction Company, the prime contractor on a contract with the City of Tulsa for the construction of sanitary sewers. When the bill became past due and unpaid, plaintiff sued the con-

struction company and the surety, Mid-Continent Casualty, on its statutory bond. The controversy arises because the City of Tulsa had also required that a surety execute the contract itself along with the construction company. The contract contained language which had the effect of making the plaintiff materialman a third-party beneficiary entitled to sue the surety company on the contract for the amount of its unpaid bill. Plaintiff's right to sue as a third-party beneficiary is conceded and only a limitations question is presented.

Plaintiff's petition contained three causes of action. The first was on open account against the construction company only; the second was against both defendants on the contract; and the third was against both defendants on the statutory bond. The bond had been given pursuant to the provisions of 61 O.S.1961, Sections 1 and 2. Section 2 contains a six months limitation as to actions on the bond.

The petition was filed over eleven months after the completion of the project. The construction company did not appear and defend.

The case was tried to the court upon a stipulation between the plaintiff and the defendant surety company which had the effect of resolving all issues in plaintiff's favor except the defense of limitations, which was left for the court to determine. The court rendered a default judgment for plaintiff and against the construction company on the first cause of action on open account, and rendered judgment for both defendants and against plaintiff on the third cause of action on the statutory bond, holding that the action on the bond was barred by the six months limitation of 61 O.S.1961, Sec. 2.

On the second cause of action the court rendered judgment for plaintiff and against both defendants on the construction contract. From this portion of the judgment the surety company appeals, and the sole question presented is whether the six months limitation as to actions on the statutory bond is also applicable to actions on the construction contract.

The arguments in the surety company's brief, as we understand them, may be summarized as follows: (1) although plaintiff's right to recover from defendant surety company is expressed (a) in the contract and (b) in the bond, there is only one right of recovery in plaintiff; (2) since there is no inconsistency between the contract and the bond, they must be construed together as one contract because of 15 O.S.1961, Sec. 158; (3) the action on this "one contract" is barred by the six months limitation of 61 O.S.1961, Sec. 2; (4) as hereinafter stated.

The cardinal and fundamental principle in the construction of contracts is that "a contract must be interpreted as to give effect to the mutual intention of the parties, as it existed at the time of contracting, as far as the same is ascertainable and lawful." 15 O.S.1961, Sec. 152.

■ For the purpose of ascertaining the intention of the parties to a contract, *if otherwise doubtful,* 15 O.S.1961, Sec. 153, other contracts relating to the same matters between the same parties, and made as parts of substantially one transaction are to be taken together. 15 O.S.1961, Sec. 158.

■ Contracting parties are presumed to contract in reference to existing law, and all applicable statutes existing at the time the contract is entered into becomes a part of the contract. Sinclair Oil & Gas Co. v. Bishop (1968), Okl., 441 P.2d 436.

When the City of Tulsa entered into the contract with Southwest Construction Company for the construction of sanitary sewers it was undoubtedly the purpose and intention of the parties in executing the bond to satisfy the requirements of 61 O.S. 1961, Secs. 1 and 2.

In Carl v. Richards (1925), 109 Okl. 210, 235 P. 599, in an action upon a statutory bond where the construction contract made no provision for guaranteeing the payment of labor and material we said that 61 O.S. 1961, Section 1, is in addition to the contract, and that it would make no difference

whether the construction contract provided for a bond or not, or provided for the indebtedness incurred for labor or material furnished or not. We further said: "This statute fixes the liability and requires the bond to be given. We do not look to the contract for the liability, but to the bond and the statute under which it is given."

In United States Fidelity & Guaranty Co. v. Star Brick Co. (1915), 54 Okl. 103, 153 P. 1122, no statutory bond was executed. However, the contract entered into between the municipality (Nowata, Oklahoma) and a paving contractor contained a guaranty which was signed by U.S.F. & G. The action was brought by a materialman, Star Brick Company against U.S.F. & G. for breach of the guaranty contained in the contract. In that case U.S.F. & G. interposed the six months statute of limitations and contended that the guarantee in the contract was in effect "the taking of the bond provided for by section 6164, Comp. Laws 1909 (section 3881, Rev.Laws 1910)" (61 O.S.1961, Sec. 1). In the body of the opinion we said:

"Said guaranty embraced in said contract was not intended as the bond provided by said section 6164, supra (61 O.S. Sec. 1), to be taken, because said guaranty does not run to the state of Oklahoma, is not in the amount required by said section 6164, was not filed in the office of the clerk of the district court, and is in no wise in accord with said section, save and except as to the guaranty to pay for material furnished and labor performed. Consequently said section 6164 has no application; and an action on such guaranty is not barred if not commenced within six months from the completion of the work contracted to be done, and such action may be brought within five years after the cause of action accrued. Section 4657, Rev.Laws 1910" (12 O.S.1961, Sec. 95).

In the first paragraph of the syllabus in U.S.F. & G. we held:

"A city has the undoubted authority, in the absence of specific statutory author-

ity, to require a guaranty to be given by a contractor to secure the payment of material furnished and labor performed under a contract with such city, as the taking of such guaranty is not in violation of any public policy or law of this state."

 Under the construction contract in the instant case Mid-Continent Casualty was "bound and firmly held unto said City (not to the State of Oklahoma). There is no suggestion that this construction contract was filed with the clerk of the district court. Mid-Continent, under the contract, was authorized to complete the work pursuant to the contract if the contractor defaulted, and in general assumed practically all of the obligations that the contractor assumed in relation to the City of Tulsa. Obviously this contract was not intended to be in lieu of the statutory bond, but created obligations upon Mid-Continent Casualty far in excess of those embraced in the bond as well as those included in the bond. It was a separate and independent contract of guaranty which the city had authority to require independently of the provisions of 60 O.S.1961, Secs. 1 and 2. It follows that plaintiff had two separate remedies or causes of action for the enforcement of its claim which it could pursue under separate causes of action until judgment was rendered upon one or the other.

In Surety Company's argument, identified as No. "(4)" it is contended that 11 O.S. Supp.1963, Section 270.14 and 61 O.S.1961, Sections 1 and 2, should be construed together and when this is done it will be apparent that the Legislature did not intend that the bond for the protection of laborers and materialmen required by Section 270.14 should create an obligation separate and apart from the obligation required to be created by 61 O.S. Sec. 1, and did not create a different time in which to commence an action on a bond executed pursuant to the requirements of Section 270.14.

In this connection it is noticed that 61 O.S.1961, Sections 1 and 2, is a general stat-

ute and requires any public officer entering into a contract for any public improvements or constructing any public building or making repairs to take a bond with sureties to the State of Oklahoma.

11 O.S.Supp.1963, Secs. 270.1–270.29 is a special statute or Act authorizing cities and towns to establish sewer and water distribution district lines. It sets forth the procedures to be followed, and also provides (Section 270.29) that the Act shall not repeal any other law relating to the subject matter, but is to provide a supplemental, additional, and alternative method of procedure.

The Act (Section 270.14) requires the construction contractor to execute three bonds: (1) a bond for the faithful execution of the work and performance of the contract for the protection of the city and interested property owners; (2) a maintenance bond for one or more years following the completion of the improvement; and (3) a bond to the State of Oklahoma for the payment of all labor and material used in the construction of the improvement.

11 O.S.1961, Secs. 271–283, also provides procedures for the construction of sewers. Section 277, as amended in 1963, has a provision which provides:

"Said notice (to bidders on the improvement) may contain any reasonable conditions to be imposed by the governing body with reference to the letting of such contract, and may require the giving of a good and sufficient bond for the faithful execution of the work and for the protection of the municipality and all property owners against any loss or damage by the negligent execution of such work." (No provision is made for a bond for the payment of labor and material)

11 O.S.Supp.1963, Sections 270.1–270.29, and 11 O.S.1961, 271–283 and the sections therein as amended, contain no limitation periods of time in which actions on the bonds required in Section 270.14 and authorized under Section 277 may be brought.

Section 270.14 does not require that the bond for the payment of labor and material used in the construction shall be filed with the clerk of the district court as does 61 O.S.1961, Sec. 2. The record in this case does not disclose whether Tulsa was proceeding under the provisions of 11 O.S. 1963, Secs. 270.1–270.29 or under the provisions of 11 O.S.1961, Sections 271–283. The stipulation of the parties does disclose that "The City of Tulsa, Oklahoma, has for many years uniformly required the execution of the Contract shown in Exhibit 'B' (the construction contract) by various contractors and sureties, and the defendant, prior to January 22, 1964, entered into similar contracts as surety for various contractors as required by the City of Tulsa, Oklahoma."

After considering the facts and law applicable to this case we are of the view that the City of Tulsa and the contracting parties did not intend to satisfy 61 O.S.1961, Secs. 1 and 2, when they provided protection for laborers and materialmen in the construction contract. We are also of the view that the Legislature did not intend that the limitation period provided in 61 O.S.1961, Sec. 2, would be applicable to the bonds required in Section 270.14, supra. It may be that a bond given and filed under 61 O.S.1961, Sections 1 and 2, would remove the mandatory requirement for the bond for payment of labor and material under Section 270.14, but that is not the issue here. Where bonds are given, as here, under Section 270.14, or as in U.S.F. & G. v. Star Brick, supra, the limitation provided in 61 O.S.1961, Sec. 2, is not applicable. The general statute of limitations, 12 O.S.1961, Sec. 95, is applicable to the bonds contained in the construction contract.

Our attention is invited to W. S. Dickey Clay Mfg. Co. v. Ferguson Investment Co. (1963), Okl., 388 P.2d 300. The basic holding of that case is that the Oklahoma City Planning Commission, an administrative agency, could not enlarge the powers conferred upon it by statute and ordinances by rules and regulations adopted by it. We do

not find that case to be decisive of the issue here, and it does not overrule the law as expressed in the first paragraph of the syllabus in U.S.F. & G. Co. v. Star Brick Co., supra.

Cavanaugh v. Globe Indemnity Co., 141 Kan. 774, 44 P.2d 216, is cited by defendant for the proposition that since plaintiff permitted the six months statute of limitations to run it cannot bring an action to recover upon the construction contract under the general statute of limitations. In the Kansas case two bonds were given. One was a faithful performance bond and the other was a statutory bond required by the Kansas equivalent of our 61 O.S.1961, Sec. 1, supra. In that case the plaintiff filed his action under the faithful performance bond because relief under the statutory bond was barred by the six months limitation period. That court held that the performance bond was not given for the benefit of plaintiff and denied relief on that ground. The statutory limitation period was not the decisive issue in the case.

The judgment of the trial court is affirmed.

IRWIN, C. J., BERRY, V. C. J., and DAVISION, WILLIAMS, BLACKBIRD, HODGES and McINERNEY, JJ., concur.

LAVENDER, J., dissents.