THE RITTENHOUSE & EMBREE COMPANY, Appellant, *vs.* F. E. BROWN & Co. *et al.* Appellees.

*Opinion filed June 21, 1912.*

1. MECHANICS' LIENS—*material must have been delivered for the purpose of being used in construction.* Under section 7 of the Mechanic's Lien law, which dispenses with the necessity of proof that the materials actually entered into the construction of the building, it is still essential to the right to a lien that the materials be delivered for the purpose of being used in the construction of the building.

2. SAME—*what is meant by "used in the construction of the building."* To entitle a party to a lien for materials delivered "for the purpose of being used in the construction of the building," as provided in section 7 of the Mechanic's Lien law, the material must have been intended for use in the building itself, so as to become a part of the completed structure.

3. SAME—*no right to a lien exists for lumber used to make molds for concrete.* The Mechanic's Lien law does not give to a contractor or sub-contractor a right to a lien for lumber for concrete molds and forms, which never became or was intended to become the property of the owner of the building but belongs to the contractor or sub-contractor who furnished it, made temporary use of it in erecting the building and took it away to be used again for his own purposes.

4. APPEALS AND ERRORS—*when constitutional question will not be considered.* A question involving the constitutionality of a provision of the Mechanic's Lien law will not be considered by the Supreme Court on appeal from a decree dismissing a bill to establish a lien, where complainant, without regard to whether the provision is valid or invalid, had no right to a lien in any event.

5. SAME—*when Supreme Court will retain jurisdiction though constitutional question is not passed upon.* Where the lower court holds a statute giving a lien unconstitutional but holds also that the complainant's case does not fall within the purview of the statute the complainant must obtain a reversal of the decree on both grounds in order to entitle him to recover, and the fact that the Supreme Court agrees with the trial court that the case does not come within the statute and declines to pass upon the constitutional question does not affect its jurisdiction of the appeal.

APPEAL from the Superior Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding.

ADAMS, BOBB & ADAMS, (JAMES B. WESCOTT, of counsel,) for appellant.

TINSMAN, RANKIN & NELTNOR, and WILLIAM A. DOYLE, (EINAR C. HOWARD, of counsel,) for appellees.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The appellant filed a bill in the superior court of Cook county for a mechanic's lien for lumber furnished by appellant, as a sub-contractor, to F. E. Brown & Co., the original contractor with the appellee Adelaide F. Jones, for the reinforced concrete construction required in the erection of a three-story brick and reinforced concrete laundry building. The lumber was of the value of $547.11, of which $270 was paid and a lien was claimed for the remainder, $277.11. The lumber did not enter into the permanent construction of the building and was not furnished for that purpose but for false work, the molds and forms into which the concrete was poured. It was afterwards all taken away. On a hearing the bill was dismissed for want of equity.

Section 1 of the Mechanic's Lien law declares that any person who shall by contract with the owner "furnish material, fixtures, apparatus or machinery for the purpose of, or in the building, altering, repairing or ornamenting any house or other building," etc., shall be known as a contractor and shall have a lien "for the amount due to him for such material, fixtures, apparatus, machinery, services or labor," etc. Section 7 provides that no lien for material shall be defeated "because of lack of proof that the material, after the delivery thereof, actually entered into the construction of such building or improvement, although it be shown that such material was not actually used in the construction of such building or improvement: *Provided,* it is shown that such material was delivered either to such owner or his

agent for such building or improvement to be used in such building or improvement, or at the place where said building or improvement was being constructed, for the purpose of being used in construction." Prior to the revision of this law in 1895 it was well settled that a lien could be enforced only to the extent of materials actually used in the construction of the building. (*Compound Lumber Co.* v. *Murphy,* 169 Ill. 343.) Section 7 of that revision provided that the lien should not be defeated because of lack of proof that the material, after delivery, actually entered into the construction of the building, but it was still required, as it is now under the revision of 1903, that the material should have been delivered for the purpose of being used in the construction. The words "used in such building or improvement" and "used in construction" here mean, in our judgment, more than employed in the process of construction as a means for assisting in the erection of the building. They mean used as a part of the construction so that the material becomes a part of the completed structure. Under section 21 the sub-contractor has a lien as broad as that of the original contractor. If the words, "used in such building or improvement" and "used in construction" have so broad a meaning as to apply to materials not used as part of the construction but employed as a means to assist in the process of construction, then every sub-contractor must have a lien, by virtue of section 1, for all the material, fixtures, apparatus or machinery furnished by him for the purpose of building the house. Every person who sells to a contractor, to be employed in the building of a house, any donkey-engine, cable, rope, carpenters' or masons' tools or other implements or devices for carrying on the work, furnishes machinery or apparatus for the purpose of building the house. All such machinery, appliances and tools are in a sense used in the construction of the building, but we believe no one would contend that the vendor of such articles, to be employed for the purpose

mentioned, would have a lien for their purchase price on the building in which they were employed. We held in *Haas Electric Co.* v. *Springfield Amusement Co.* 236 Ill. 452, that no lien was given for machinery, fixtures or apparatus without proof that they were so attached to the real estate as to become permanent fixtures or that they were used in the proper installation of other lienable things. The lumber furnished by the appellant was not destroyed by the use made of it though depreciated in value, as no doubt were the tackle, implements, apparatus and tools employed in the building. It never became or was intended to become the property of the owner of the building, but belonged to the contractor who bought it, employed it in the temporary use for which he obtained it, and took it away to be used again for his own purposes.

The question is a new one in this court. The language of mechanic's lien statutes in other States is so variant that decisions upon them are of little assistance. In *Ames* v. *Dyer*, 41 Me. 397, the statute gave a lien for his labor and materials to any ship carpenter or other person performing labor or furnishing materials for or on account of any vessel building or standing on the stocks or under repair after having been launched, but the court held that the molds for a vessel, though as indispensable for its construction as the tools of the carpenter, were not the subject of a lien because they did not enter into the vessel's structure or belong to it and the title to them did not pass to the purchaser of the vessel, quoting from *Phillips* v. *Wright*, 5 Sandf. 342, that "the whole theory of a lien for labor and materials rests upon the basis that such labor and materials have entered into and contributed to the production or equipment of the thing upon which the lien is impressed." In Wisconsin a lien is not given for lubricating oil used in operating mill machinery, under a statute which provides, among other things, that every person who furnishes materials for the protection of machinery erected or con-

structed so as to be a part of a freehold shall have a lien. (*Standard Oil Co.* v. *Lane,* 75 Wis. 636.) In Kentucky, on the other hand, a lien is given for lumber used to make forms for a concrete building though the forms do not remain in the building, the lumber being ruined in the use. *Avery & Sons* v. *Woodruff & Cahill,* 144 Ky. 227.

The contract between F. E. Brown & Co. and Mrs. Jones provided that F. E. Brown & Co. should deliver the building to the owner free from all claims, liens and charges. The superior court held that under this provision the appellant, as a sub-contractor, had no right of lien, and that section 21 of the Mechanic's Lien law is unconstitutional in so far as it attempts to give a sub-contractor a lien when the original contract provides that the building shall be delivered clear of liens, and it was because of the constitutional question thus involved that the appeal was taken directly to this court; but the court also held that the appellant was not entitled to a lien in any event, for the further reason that the lumber did not enter into and become a part of the building. This holding was in accordance with the views we have expressed, and no other decree could have been rendered than the dismissal of the bill.

Counsel for the appellant have argued vigorously that the constitutional question was erroneously decided, and that the cases of *Kelly* v. *Johnson,* 251 Ill. 135, and *Cameron-Schroth-Cameron Co.* v. *Geseke,* id. 402, which sustain the decree, should be overruled. The constitutional question was involved so as to authorize the appeal to this court, because, in order to procure a reversal of the decree, it was necessary to have the circuit court reversed on that question as well as the other. But the determination of the latter question makes the consideration of the former unnecessary, and we will not consider a constitutional question in a case in which its decision can have no effect upon the decree which is the subject of review.

The decree of the superior court is affirmed.

*Decree affirmed.*