## FULLER et al. v. BROOKS.

No. 16035—Opinion Filed March 2, 1926.

Rehearing Denied May 4, 1926.

**1. Highways—Highway Contractor's Bond—Liability Unaffected by Assignment of Contract.**

One who enters into a contract with the Highway Department of the state of Oklahoma to construct a public road and executes a builder's bond pursuant to section 7486, Compiled Statutes 1921, does not destroy the liability of the bond for materials furnished in the course of the construction of the work by assigning the contract for the construction of the project to a third party.

**2. Same—Liability for Material Furnished.**

The builder's bond provided for by section 7486, Compiled Statutes 1921, is liable for all material furnished to the contractor or subcontractor, and used in or consumed in the course of the construction of the project.

**3. Partnership—Existence of Relation—Question for Jury.**

Whether the plaintiffs in error were partners in the construction of the road propect, under the contract assigned by the original contractor, was a question of fact for the jury under proper instructions of the court.

**4. Highways—Highway Contractor's Bond—Nonliability for Materials not Consumed.**

Record examined; held, that the court committed reversible error in allowing recovery on certain items which were not shown to have been entirely consumed in the course of the construction of the road project.

(Syllabus by Stephenson, C.)

Commissicners' Opinion, Division No. 4

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by S. A. Brooks against James G. Fuller et al. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

G. A. Paul and A. Gray Gilmer, for plaintiffs in error.

Hummer & Foster and R. E. Simpson, for defendant in error.

Opinion by STEPHENSON, C. The State Highway Department awarded a certain contract to M. R. Ammerman for the construction of a public highway in Okmulgee county. The contractor executed a builder's bond pursuant to section 7486, C. O. S. 1921, conditioned to answer for labor and material used in the construction of the public improvement. The Globe Indemnity Company became a surety for the faithful performance of the conditions of the bond for the contractor. Thereafter M. R. Ammerman assigned the contract for the construction of the highway to Fuller & Company, a partnership. It is contended by the plaintiff that R. D. Farmer and John J. Harden were partners of Fuller & Company in the completion of the project. However, it is denied by the defendants that the latter were partners of the assignees. S. A. Brooks sold gas and oil for use of the trucks operated by the assignee, in transporting material used in the completion of the work. The plaintiff also furnished materials for use in the repairs of the trucks in question. The material so furnished the owners of the trucks was in the nature of repairs to the engine and casings, etc.

The assignees failed and refused to pay Brooks, who then commenced his action against the parties named for the value of the materials sold to them. The trial of the cause resulted in a judgment in favor of the plaintiff and against the defendants for the sum of about $400. The defendants have appealed the cause here for review, and assign several of the proceedings had in the trial of the cause as error for reversal here. The defendants submit the following propositions as error for reversal: (1) That the evidence was insufficient to show that R. D. Farmer and John J. Harden were partners of Fuller & Company. (2) That the act of Ammerman in assigning the contract for the construction of the roadway project to Fuller & Company operated to discharge Ammerman from any obligation to perform the work, and thereby relieved the surety company, who became surety for Ammerman, from any liability on the

bond, other than that created by the personal acts of Ammerman. (3) That the plaintiff was not entitled to recover for the gas and oil furnished for the use of the trucks engaged in transporting material, and for materials used in repairs to the trucks.

It is sufficient to say that there was evidence tending to support the contention of the plaintiff that Farmer and Harden were partners of Fuller & Company in the completion of the public highway. Ammerman and the surety company attempted to escape liability by showing that Ammerman assigned the contract to Fuller & Company, and that the act of assignment operated to relieve Ammerman from any obligation in connection with the performance of the contract. It is the contention of the surety company that as Ammerman was relieved from any obligation to perform the contract, by the act of assigning the same, the surety company was thereby relieved of liability on the bond. This proposition presupposes that the surety company was only bound to guarantee the faithful performance of the contract on the part of Ammerman, if he proceeded with the work.

The proposition submitted by Ammerman and the surety company amounts to a contention upon their part that Ammerman was not bound by the contract to construct the highway. The contention of Ammerman and the surety company narrows Ammerman's service merely to that of undertaking to contract with some person for the Highway Department to perform the services for that department. Ammerman contends that Fuller & Company and the other defendants were not subcontractors. Therefore this contention upon the part of Ammerman amounts to a claim upon his part that he never became a contractor for the construction of the public highway. Therefore, according to his contention, his only service was to contract with some person for the Highway Department to construct the public highway. The appellants do not call our attention to a contract between Ammerman and the State Highway Department that would justify such a contention. Ammerman and the surety company admit the execution of the builder's bond, which presupposes a contract upon the part of Ammerman to perform the services. It will be presumed that Ammerman became bound by his contract to construct the highway project for the state. The appellants do not call our attention to any part of the contract in their briefs which would operate to relieve Ammerman from such obligation by his assignment of the contract to some other

party. Therefore the surety company and the defendants are liable for the value of whatever material was furnished in the construction of the public improvement. Lohr & Trapnell et al. v. Johns, 77 Okla. 6, 185 Pac. 526.

The surety company contends that the defendants are only liable for the value of such material as was used in the public improvements. The defendants cite several cases to support their contention. However, several of the cases involve the enforcement of mechanic's liens between materialmen and the owners of the improvements. The defendants desire to make the rule applicable to the enforcement of the mechanic's lien, as a guide in construing the bonds given pursuant to section 7486, supra.

The liability of the surety company upon a builder's bond, given pursuant to section 7486, supra, is not always measured by the rule applicable to the enforcement of the mechanic's lien between the owner of the improvements and the materialmen. There is a distinction, to some extent, between the principles applying in the respective cases. Federal Surety Co. v. St. Louis Structural Steel Co., 111 Okla. 208, 239 Pac. 154.

The surety company and the defendants contend that they are not liable for the oil and gas used by the trucks in transporting material for use in the construction of the public highway, and that they are not liable for the materials used in the repairs and maintenance of such trucks. It is the contention of the surety company that they are liable only for such material as was used in the construction of the public improvements. On the other hand, the plaintiff insists that the defendants are liable for the value of the material referred to.

The defendants, no doubt, would admit liability for labor expended in preparing and shaping the material on the ground, which was used in the improvements. Likely the defendants would make no distinction between liability for labor expended in preparing materials for use on the ground, and preparing such materials at a distant place for use. Recovery has been allowed for the cost of the labor in preparing stone at the quarry for use in making a public improvement. U. S. Fidelity & Guaranty Co. v. U. S., for the Benefit of Frank P. Bartlett, 231 U. S. 237, 58 L. Ed. 200. It is necessary to use labor and conveyances in transporting the material prepared at the quarry to the place where the improvement is made. The use of labor for transporting, and conveyances for transporting from the quarry to the place

of the improvements, are as necessary in the course of the construction of the public improvement as the labor required to place the material in the public improvement. Therefore recovery has been allowed for labor expended in transporting the material to the place where it is to be used in the public improvement, and for rental on cars, track, and equipment used in the transportation of the material. The courts have heretofore held the builder's bond liable for the value of such items. Ill. Surety Co. v. Davis et al., 244 U. S. 378, 61 L. Ed. 1206. The defendants cannot escape liability on the builder's bond for materials expended and used indirectly for the creation of the public highway. The defendants will be held for materials indirectly used and furnished in the course of the construction, as fully as if the material had been placed in the public improvements. Brogan v. Surety Co., 246 U. S. 257, 62 L. Ed. 703. The following cases support the conclusions applied herein: American Surety Co. v. Lawrenceville Cement Co., 110 Fed. 717; City Trust, Safe Deposit & Surety Co. v. U. S., to the Use of Bryant, 147 Fed. 155; Mitchell v. Berlin McNitt Co. et al. (Wash.) 158 Pac. 264; Carl v. Richards, 109 Okla. 210, 235 Pac. 599; U. S. F. & Gty. Co. v. California-Arizona Construction Co. (Ariz.) 186 Pac. 502; Sherman v. American Surety Co. (Cal.) 173 Pac. 161.

The rule for determining the defendants' liability for the value of the material involved in this case, is whether the particular materials were consumed in the course of the construction of the public improvements. We cannot see any difference between the nature of human force and mechanical force, expended in the construction of a public improvement. Certainly, the defendants are liable for the physical efforts of the laborers in making the improvements. We cannot see any distinction between individual force consumed and expended in making a public improvement, and that of mechanical force and power expended and consumed in doing the same class of work. In fact, common experience has proven that much of the labor formerly done by persons can be accomplished by mechanical means for less expense. The plaintiff would not be entitled to recover for any materials sold to the defendants, unless such materials were consumed and expended in the course of making the improvements. The defendants would not be liable for the value of such materials as survived the performance of the work. The burden was on the plaintiff to show that the materials sued for were

expended and consumed in the course of the construction of the public improvement. The defendants would be liable for the oil and gas consumed by the trucks while used in transporting materials for use in the completion of the public highway. The defendants would not be liable for such repairs and improvements as were made and placed upon the trucks and survived the completion of the project. Rittenhouse & Embree Co. v. Brown Co., 254 Ill. 549, 98 N. E. 971. The plaintiff did not show by his proof that the materials furnished for repairs and maintenance of the trucks were expended and consumed in the course of the completion of the work. Therefore it was error for the court to submit such items to the jury for consideration in arriving at its verdict.

The cause is reversed and remanded for further proceeding in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 29 C. J. p. 613 § 353 (Anno). (2) 29 C. J. p. 613 § 353. (3) 30 Cyc. p. 594. (4) 29 C. J. p. 613 § 353 (Anno).