## W. R. PICKERING LBR. CO. v. FULLER et al.

No 16489—Opinion Filed March 16, 1926.

**1. Highways—Highway Contractor's Bond —Liability for Material.**

The builder's bond provided for by section 7486, C. O. S. 1921, is liable for all material furnished to the contractor, or subcontractor, which is used in, or consumed in, the course of the construction of the project.

**2. Same—Nonliability for Material Used in Equipment.**

If the consumption of the material, or its value, in a public improvement depends upon the period of time and extent of use, it falls within the classification of equipment. Recovery cannot be had on the builder's bond for such material, or equipment.

**3. Same—Judgment Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the defendants.

(Syllabus by Stephenson, C.)
Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by W. R. Pickering Lumber Company against James G. Fuller et al. Judgment for defendants. and plaintiff brings error. Affirmed.

Keaton, Wells & Johnston, for plaintiff in error.

G. A. Paul and A. Gray Gilmer, for defendant in error Globe Indemnity Company.

Opinion by STEPHENSON, C. The W. R. Pickering Lumber Company commenced its action on a statutory builder's bond for material sold and delivered to James G. Fuller et al. The Globe Indemnity Company, surety on the builder's bond, was joined as a defendant. The builder's bond was executed as provided by section 7486, C. O. S. 1921. in connection with a state highway project. James G. Fuller et al. were subcontractors, and purchased lumber from the plaintiff for use in connection with the construction of the state highway. The trial of the cause resulted in judgment for the defendants. The plaintiff has appealed the cause, and assigns as error for reversal, that the judgment is contrary to law and the evidence.

The court found that the lumber furnished to the subcontractor was used for the following purposes: (1) For forms to receive cement and for bracing the forms. The material was used from section to section until it became worthless for the purpose. (2) For erecting a temporary building for the storage of the cement to be used in the construction of the highway. (3) For the construction of a bin in which to mix the cement for use in the construction of the road.

The contractor did not move either the shed or the bin after the work was completed. One of the witnesses testified that it would be less expensive, perhaps, to leave the shed and bin on the ground, and buy new material for like purposes for future use.

The material was used in the nature of equipment to construct the highway. The application of the material to such purposes cannot be said, of itself, to result in the use of the material in the structure, or in the course of making the improvement as contemplated by section 7486, supra. Whether the material so used may be consumed in the course of the construction, will depend on the length of time the material is applied to such use. If the consumption of the material, or its value, in the manner it is applied, in connection with the construction, depends upon the period of time it is used, it cannot be said that the material was consumed in the structure, or in the course of the construction, within the meaning of section 7486.

If the plaintiff is entitled to recover for the material used in the concrete forms, it is because it happened to be used long enough on the same job to consume its value. The plaintiff would be entitled to recover on the same principle for the partial consumption of the value of the material used in the course of making a public improvement. If the latter be a sound principle, then whoever sells machinery and material to a contractor would be entitled to follow the same over the several jobs, and recover for the proportionate wear of the material, until its value was finally consumed by continued use in such employment. Unless the material is consumed, or expended, as a natural consequence, from its application to the work of making the improvement, recovery cannot be had upon the bond. Where the consumption of the material in the use to which it

is applied, depends upon the length of time it is applied to the purpose, it must partake of the nature of equipment. Recovery cannot be had for the partial wear, or partial value, consumed in the use of the equipment on some particular improvement. James G. Fuller et al. v. S. A. Brooks, 117 Okla. ——, 246 Pac. 369. The latter case disposes of this appeal adversely to the contention of the plaintiff in error.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1, 2) 29 C. J. p. 613 § 353 (Anno); 21 R. C. L. 985; 3 R. C. L. Supp. p. 1207; 4 R. C L. Supp. 1440. (3) 4 C. J. p. 1129 § 3122.