## HYDE CONST. CO. et al. v. FRICKEN-SCHMIDT.

No. 19364.   Opinion Filed Dec. 24, 1929.

McKeever, Moore & Elam, for plaintiffs in error.

Carl Kruse, for defendant in error.

HEFNER, J.   This action was brought in the district court of Garfield county by Fr. Frickenschmidt on the bond of the Hyde Construction Company, against the company and H. H. Champlin, its surety, to recover $369.89 for oats alleged to have been furnished to Johnnie Jones for his teams, while working as a subcontractor for the Hyde Construction Company in paving the state highway. There are but two questions in the case to which our attention is called, and on which a reversal is asked. They are:

First.   The plaintiff's evidence failed for the reason that under the terms of the bond there would be a liability only for indebtedness incurred for labor and material furnished and "mentioned and agreed upon in said contract," and the plaintiff did not offer the contract in evidence, and, there-

fore no liability proven for the oats alleged to have been furnished; this being an action on the bond, no recovery could be had without proof that the conditions were broken.

Second. Neither the defendant nor his bondsman is liable for feed furnished to a subcontractor for his teams; feed so furnished is not such "material" as is contemplated either by the law or the terms of the bond sued upon.

As to the first contention, it appears at page 47 of the record that counsel for defendants made the following admission: "Let it be shown in the record that the Hyde Construction Company built the road out there under contract with the state; that they furnished a construction bond and material bond, a copy of which is attached to the petition, and the same was signed by H. H. Champlin, as surety, one of the defendants, upon that work on the east road between the asphalt pavement and the intersection; and that Carl Hyde is president of the company, and Perry Hyde is secretary and treasurer of the company, and that they are the managing officers of the company, together with Harold Taft."

The terms of the bond provided that the Hyde Construction Company was to furnish all material and labor. The evidence discloses that Johnnie M. Jones was a subcontractor under the Hyde Construction Company and did grading work with his teams. The plaintiff sold the oats to feed his teams.

In the case of Carl v. Richards, 109 Okla. 210, 235 Pac. 599, 601, this court, after quoting section 7486, C. O. S. 1921, said: "This provision is in addition to the contract and it would make no difference whether the contract provided for such bond or not, or provided for the indebtedness incurred for labor or material furnished or not. This statute fixes the liability and requires the bond to be given. We do not look to the contract for the liability, but to the bond and the statute under which it is given."

Under the evidence and admissions in this case, and the law applicable thereto, we hold against the first contention suggested by the plaintiff in error.

The second contention presents an interesting question, and one that is not free from doubt; that is, were the oats furnished to the subcontractor for his teams such "material" as comes within the bond and for which the contractor and his bondsman were liable?

In the case of Fuller v. Brooks, 117 Okla. 252, 246 Pac. 369, 371, this court held that gasoline furnished for a truck used for road construction came within the terms of the statute. In that case gasoline and oil were sold to propel the trucks for transporting material used in the completion of the work. It was contended that the oil and gasoline were not within the provisions of the bond. This court, in its opinion, said: "The rule for determining the defendant's liability for the value of the material involved in this case is whether the particular materials were consumed in the course of the construction of the public improvements. We cannot see any difference between the nature of human force and mechanical force expended in the construction of a public improvement."

In the recent case of Eagle Oil Co. v. Altman, 129 Okla. 98, 263 Pac. 666, this court, in the second paragraph of the syllabus, approved the rule announced in the Fuller v. Brooks Case, supra, and said: "Gasoline furnished to a subcontractor, to be used by him and his subcontractors in performance of a contract for the construction and improvement of a public highway, is material furnished in making such public improvement, within Comp. St. 1921, § 7486, for which both principal and surety, under road contractor's bond given pursuant thereto, are liable."

In the body of the opinion of the above case this court quoted with approval from the opinion in the case of Franzen v. Southern Surety Co., 35 Wyo. 15, 246 Pac. 30, 38, 46 A. L. R. 496. The Wyoming case is well considered and the authorities are thoroughly reviewed. There it was said:

"Coal or gasoline that generates power is transformed into labor, and should be within the spirit of the statute just as much so as labor performed by hand. That is true also in case feed is furnished to horses. The work performed by the machinery, for which the coal was used, and by the horses in this case, might have been performed by the hands of men. But that was not deemed feasible and would have been too expensive. Yet, if that had been done, there would have been no question that the expense thereof would have been covered by the bond herein given. And it seems to us that where the labor is done by more efficient means, it would be a narrow construction of the statute and of the bond to say that the material furnished in order to put this efficiency into operation is not material contemplated by the statute or the bond.

"* * * We can find no justification for reading into the statute that material furnished must be bodily incorporated in and made an integral, component part of the

finished structure before the payment therefor is protected under a' bond given in pursuance of such statute. * * *"

From a review of the authorities it appears that the holdings of the courts of the various states of the Union are not uniform, but the great majority hold in accordance with the rule announced by the Wyoming court. We are inclined to follow the weight of authority, and the judgment of the trial court is therefore affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, RILEY, CULLISON, and ANDREWS, JJ., concur. CLARK, J., not participating. SWINDALL, J., disqualified and not participating.