## TWAY et al. v. THOMPSON et al.

No. 22055. Opinion Filed Sept. 6, 1932.

Rehearing Denied Nov. 22, 1932.

Freeling & Box, for plaintiffs in error.

Wilcox & Swank and Gossett, Ellis, Deitrich & Tyler, for defendants in error.

HEFNER, J. This is an action begun in the district court of Payne county by Milton Thompson and H. L. Parker, partners doing business under the firm name of Thompson-Parker Lumber Company, against R. R. Tway, John Alderson, and the Detroit Fidelity & Surety Company to recover on a road contractor's bond for material alleged to have been furnished by them in the construction of a state highway.

Plaintiffs, in their petition, allege that, on July 11, 1929, defendant Tway entered into a contract with the state to grade and drain certain sections of road on highway No. 40; that defendant surety company signed, as surety, a road construction bond as provided by section 7486, C. O. S. 1921 [O. S. 1931, sec. 10983], guaranteeing the faithful performance of the work. Thereafter Tway sublet to defendant Alderson the work of constructing the concrete culverts to be constructed by Tway. Plaintiffs furnished the subcontractor with lumber, wire, and nails which were used by him to construct forms to hold the culverts.

Defendant Alderson made no defense. Defendants Tway and the surety company defended on the ground that the material furnished was not actually consumed and used in the construction of the culverts. The

case was tried to the court and resulted in judgment in favor of plaintiffs. Defendants bring the case here for review and contend that the judgment is not sustained by the evidence and is contrary to law.

In this connection it is urged by defendants that no recovery can be had on the bond for the reason that the material furnished by plaintiffs was not actually used in the construction of the culverts. The evidence shows that the material was used in the construction of concrete forms made for the purpose of holding the concrete. After the work was completed, these forms were removed and were not actually used in the permanent structure of the culverts. They were a necessary part of the construction of the culverts; the lumber was sawed up into small pieces, and, after the forms were removed from the structure, the material so used, except 1,500 feet thereof of the value of $75, was absolutely valueless and could not be used in building other forms; it was hauled away by farmers to be used as kindling wood. This evidence we think is sufficient to establish that the material was actually used and consumed in the construction of the culverts, and the surety on the bond is therefore liable for the same.

Defendants rely on the case of Pickering Lbr. Co. v. Fuller, 117 Okla. 53, 244 P. 760. In that case the action was by a materialman to recover on a road construction bond for material used in constructing concrete forms, for the erection of a temporary building for the storage of cement, and for the bin in which cement was mixed. The court there held the surety on the bond not liable for the material. In that case, the evidence showed that the material used in the construction on the building and the mixing bin was not rendered worthless by its use. The contractor testified that the building and mixer were not moved to another job for the reason that it was less expensive to buy new material for the new building and mixer than to remove the old ones. The cement forms in that case were moved from job to job and so used until worn out. There was no evidence there, as is in the instant case, that the material used in the concrete structure was only used on the job for which it was purchased and was rendered worthless by its use, and that it could not have been used on other work. This we think distinguishes the case relied upon from the case at bar. The trial court in the instant case specifically found that the material furnished, except 1,500 feet of

the value of $75, for which recovery was disallowed, was actually used and consumed in the construction of the culverts and could not be removed and used on any other project. Under this finding, which is sustained by the evidence, we think the judgment of the trial court is sustained by the great weight of authority.

In the case of Chicago Lbr. Co. v. Douglass (Kan.) 131 P. 563, the following rule is announced:

"Lumber furnished for and used in the making of forms for a concrete structure as provided in the contract and specifications for its erection, and which is largely consumed and rendered valueless by such use, is material within the meaning of the Mechanic's Lien Law, * * * and of the provision of a bond given by a surety company in the form provided for in section 660, Code Civ. Proc., * * * the obligation of which is that the contractor will 'pay all indebtedness incurred for labor and material furnished and used in and about said contract work, or which might become the basis of a lien' "

—and in the discussion of the case, the court further said:

"The material in the forms furnished by appellee was understood by all to be a necessary part of the construction of the building. For a time these forms were an essential part of the walls, columns, and partitions. They were provided for in the contract, and their character was included in the specifications. While the walls were hardening they were as essential to the structure as the cement and sand which remained in the walls in a different form after the work was completed. These forms operated to enhance the value of the land on which they were used as did the labor in setting them up. They were finally taken down and removed, but the life and substance of the material had been used up in the erection of the building. The material cannot be regarded as a part of the contractors' plant because it was impregnated with cement and rendered practically unfit for other uses. It was used directly in the construction of the building, and, being consumed in that use, it can be fairly said that within the meaning of our statute it entered into and was used in the erection of the building. It is clear that it came within the terms of the bond as it was 'material furnished and used in and about said contract work'."

In 18 R. C. L., at page 919, it is said:

"Thus, while there is authority to the contrary, it seems to be the present prevailing view that a lien should be allowed for lumber furnished for and used in making forms for a concrete structure, and also for the timber, lumber and iron furnished for

the construction of a cofferdam to make possible the construction of a permanent dam."

See, also, the following cases: Avery & Sons v. Woodruff & Cahill (Ky.) 137 S. W. 1088; Lumber Co. v. Construction Co. (Mo. App.) 141 S. W. 931; Barker & Stewart Lbr. Co. v. Marathon P. M. Co. (Wis.) 130 N. W. 866.

Defendants introduced evidence to the effect that defendant Tway, after entering into the contract with Alderson to construct the culverts, notified plaintiffs that he and the surety would not be liable on the bond for any debts or obligations contracted by the subcontractor, and they urge that for this reason no recovery can be had against the surety on the bond. This contention cannot be sustained. Liability of the surety on a road construction bond is fixed by statute and such liability attaches to material furnished to subcontractors under the original contractor as well as to the original contractor. The original contractor cannot therefore release the surety by merely disclaiming liability for the debts of his subcontractor.

This also disposes of the contention of defendants that no recovery can be had against the surety for the reason that no contract was entered into between the subcontractor and the state for the construction of the highway. The surety on the bond is liable for material furnished to the subcontractor as well as to the contractor. Pickering Lbr. Co. v. Fuller, supra; U. S. F. & G. Co. v. McCracken, 148 Okla. 198, 298 P. 264.

It is further claimed by defendants that the judgment entered by the court is excessive for the reason that plaintiffs charged the subcontractor an amount greater than the actual and reasonable value of the material used by plaintiffs in constructing the concrete forms. Defendants introduced some evidence to sustain this contention; plaintiffs, however, introduced evidence to the contrary. The trial court found this issue against defendants. There is sufficient evidence to sustain the finding.

We find no material or reversible error in the record. The judgment is therefore affirmed.

RILEY, CULLISON, SWINDALL. ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., disqualified and not participating.