## GREEN CONSTRUCTION CO. v. CHORN et al.

No. 24731.   April 30, 1935.

Rehearing Denied June 25, 1935.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

C. C. Hatchett and J. Berry King, Atty. Gen., for defendants in error.

GIBSON, J.   The plaintiff in error will be referred to herein as defendant, and the defendant in error, A. C. Chorn, will be referred to as plaintiff, as they appeared at the trial.

The defendant, under contract with the State Highway Commission of Oklahoma, completed certain highway construction in Hughes county.   The plaintiff hired to the subcontractor certain mule teams to be used in grading and other work on such construction.   Defendant furnished a bond to the state, which bond contains the following provision:

"Now, if the said principal shall well and truly pay all indebtedness incurred for all labor and material furnished in the construction of the above-described project, mentioned and agreed upon in said contract. * * *"

This bond was furnished in compliance with section 10983, O. S. 1931, which requires all contractors in work of this nature to furnish to the state a bond "conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building or in making said public improvements."

The surety company on defendant's bond went into receivership, and the defendant deposited money with the State Highway Commission in lieu of said bond.   The Commission was made a party defendant at the trial, but it has been agreed by all the parties, including the Commission, that if plaintiff prevails in his action, the amount of his recovery may be ordered paid out of the aforesaid deposit.

The plaintiff recovered judgment in the trial court, and defendant appealed.

The sole question presented is:   Can the mule teams furnished by the plaintiff be classed as labor or material furnished in the construction of the public project in question?   If they fall within the definition, it is conceded that the plaintiff shall recover, and be paid therefor out of the deposit in the hands of the Commission.

An examination of all the cases arising in this jurisdiction dealing with the definition of "material" as used in section 10983, supra, and for which a builder's bond is liable, reveals a well-established rule that in order to charge a contractor's bondsmen for the price of material furnished on public work, such material must be either entirely consumed in the project from which the bond arose, or the material must lose its identity to the extent of becoming a part of the structure.

For reversal of the judgment, the defendant relies upon Southern Surety Company v. Municipal Excavator Company, 61 Okla. 215, 160 P. 617, and Pickering Lumber Co.

v. Fuller, 117 Okla. 53, 244 P. 760. In the case of Southern Surety Co. v. Municipal Excavator Company, supra, it was held that rental due for the use of trenching machines is not within the definition of "labor and material furnished in the construction of such public improvement." In Pickering Lumber Co. v. Fuller, supra, it was held that lumber used in constructing cement forms was "equipment" and recovery could not be had for the price thereof against a builder's bond.

That the hire of the teams falls within the definition of the terms of the statute and the bond, plaintiff urges the cases following: Fuller v. Brook, 117 Okla. 252, 246 P. 369; Southern Surety Company v. Corbit, 142 Okla. 103, 285 P. 949; and Hyde Construction Co. v. Frickenschmidt, 140 Okla. 290, 284 P. 34. An examination of these cases discloses that recovery was allowed against the surety upon the contractor's bond for gasoline and oil used in the operation of machinery and for feed for mules employed on public work on the theory that the oil, gasoline, and feed were material within the meaning of section 10983, supra, and were wholly consumed in the course of the completion of the work. It cannot be said that the hire of mules is **material**, hence the cases relied on by plaintiff are not in point. It remains, therefore, for us to determine whether the hire of the mules falls within the term "labor" as provided by the statute. Plaintiff urges this theory and relies upon Fuller v. Brook, supra, wherein the court said:

"* * * We cannot see any difference between the nature of human force and mechanical force expended in the construction of a public improvement. Certainly the defendants are liable for the physical efforts of the laborers in making the improvements. We cannot see any distinction between individual force consumed and expended in making a public improvement and that of mechanical force and power expended and consumed in doing the same class of work. In fact, common experience has proven that much of the labor formerly done by persons can be accomplished by mechanical means for less expense."

In the cited case, the court had under consideration oil and gas that had been entirely consumed. The case was determined on the theory that the oil and gas constituted mechanical force that replaced labor and should therefore be classed as labor.

If mechanical force could be classed as labor within the meaning of the statute, certainly the teams in the present case should be so classed. But this court has not extended the term to include mechanical equipment.

The statute contemplates manual labor, not mechanical force, and material as distinguished from equipment. A contractor is presumed to be equipped with all the machinery and appliances necessary to the the proper conduct of his business. (Donnelly, Law of Public Contracts, page 469.) This would include teams as well as tractors or trenching machines. Such constitute equipment, and rental of equipment is not contemplated by the statute or by the contractor's bond.

The judgment of the trial court is reversed.

McNEILL, C, J., and BUSBY, PHELPS, and CORN, JJ., concur.