## STANDARD ACCIDENT INSURANCE CO. et al. v. DEEP ROCK OIL CORP.

No. 25903.   March 2, 1937.

Rehearing Denied June 8, 1937.

Tom G. Haile and MacDonald & MacDonald, for plaintiffs in error.

W. F. Semple and Fred D. Leonard, for defendant in error.

HURST, J.   This is a companion case to Standard Accident Insurance Co. v. John Basolo, Administrator, this date decided, 180 Okla. 261, 68 P. (2d) 804. The contract between S. O. Maxey & Company and the State Highway Commission, and the one between S. O. Maxey & Company and

Massey, Lindsey & Gaasch, which are discussed in that case, are the same contracts involved herein. After both contracts were made, the plaintiff, Deep Rock Oil Corporation, furnished $570 worth of lubricating oil and gasoline which was sold to Massey, Lindsey & Gaasch, and used in excavating, washing, and cleaning the sand and also for use in the trucks hauling the sand from the pits to where it was unloaded near where it was used. Massey, Lindsey & Gaasch failed to pay for said sand, and gasoline, and the Deep Rock Corporation filed this action against that company and the Standard Accident Insurance Company, on its statutory bond. The case was tried without a jury, and the court found in favor of the plaintiff, and rendered judgment against both defendants. Massey, Lindsey & Gaasch defaulted. The Standard Accident Insurance Company appealed, and for reversal it contends that Massey, Lindsey & Gaasch is a materialman and not a subcontractor, and for that reason it is not liable on the bond.

The bond obligated the defendant to "pay all indebtedness for labor and material furnished in the construction of the above described project." Section 10983, O. S. 1931, under which the bond was required to be made, provides that the condition of the bond shall be that the contractor "shall pay all indebtedness incurred for labor or material furnished * * * in making said public improvements." The general contract obligated S. O. Maxey & Company to furnish the sand and all other material used in the construction of the road, and the sand contract bound Massey, Lindsey & Gaasch to furnish the sand that the general contractor was required to furnish. This constituted Massey, Lindsey & Gaasch a subcontractor, under the following authorities: Ryndak v. Seawell (1904) 13 Okla. 737, 76 P. 170; Mobley v. Leeper Bros. Lumber Co. (1923) 89 Okla. 95, 214 P. 174; Dolese Bros. Co. v. Andrecopulas (1925) 113 Okla. 18, 237 P. 844; 60 C. J. 669.

This court is committed to the rule that the surety on the bond of the general contractor is liable for gasoline and oil furnished to a subcontractor and consumed in making the public improvement. Amerman v. State (1925) 111 Okla. 174, 239 P. 146; Eagle Oil Co. v. Altman (1928) 129 Okla. 98, 263 P. 666; Hyde Construction Co. v. Frickenschmidt (1929) 140 Okla. 290, 284 P. 34; Southern Surety Co. v. Corbit (1930) 142 Okla. 103, 285 P. 949; U. S. F. & G. Co. v. McCrackin (1931) 148 Okla. 198, 298 P. 264; 91 A. L. R. 1027, and note. Such was

the case at bar. The judgment is therefore affirmed.

OSBORN, C. J., and RILEY, WELCH, and PHELPS, JJ., concur. BAYLESS, V. C. J., and BUSBY, CORN, and GIBSON, JJ., dissent.