## UNITED STATES FIDELITY & GUARANTY CO. v. CAGG.

No. 27432.   Oct. 19, 1937.

Rehearing Denied Jan. 25, 1938.

A. J. Welch, for plaintiff in error.

Meacham, Meacham & Meacham, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Custer county. The question involved is the liability of the surety on a statutory bond. The essential facts will be briefly stated. On October 5, 1931, the Green Construction Company entered into a contract with the board of county commissioners of Custer county whereby it contracted to build and construct a bridge over and across the South Canadian river. The contract involved more than $100, and therefore the contractor was required to furnish a bond pursuant to the provisions of section 10983. O. S. 1931. The United States Fidelity & Guaranty Company, as surety, executed said bond. The defendant in error operated a garage and machine shop at Thomas, Okla., near the point where the bridge in question was to be erected, and the said shop performed certain work and labor and furnished certain material in the overhauling and repairing of three trucks belonging to the Green Construction Company and used by it in connection with the construction of said bridge. Payment for the work and labor so performed and the materials and supplies so furnished and used was not made, and thereupon suit was brought therefor by the defendant in error against the Green Construction Company and the United States Fidelity & Guaranty Company, the surety on its statutory bond. The Green Construction Company filed an answer, but made no defense to the action and permitted judgment to go against it. The United States Fidelity & Guaranty Company appeared and contested the action on the ground that the work and labor performed and the materials and supplies furnished and used were not performed or furnished or used in the project for which it had executed the bond. The cause was tried to the court without the intervention of a jury and resulted in a judgment in favor of the defendant in error and against the plaintiff in error as well as the Green Construction Company. The United States Fidelity & Guaranty Company alone appeals.

Six specifications of error are assigned, but these present only a single question for determination, that is, whether the labor performed and the material furnished in the repair and overhauling of the trucks of the construction company are to be classed as labor performed and material furnished in the construction of the bridge, and therefore within the terms of the bond executed by plaintiff in error. If the question is answered in the affirmative, the judgment of the trial court should be affirmed. Otherwise, it should be reversed.

The statute (section 10983, O. S. 1931) requires that the bond be "in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building or in making said public improvements." The liability of the principal and surety under a bond given pursuant to the aforesaid statute is not confined to labor and materials for which a lien ordinarily could be claimed. Federal Surety Co. v. St. Louis Structural Steel Co., 111 Okla. 208, 239 P. 154. But, as said in Lohr & Trapnell v. Johns-Manville Co., 77 Okla. 6, 185 P. 526:

"Materials used in the construction of a public work, whether furnished under the contract directly to the contractor or to a subcontractor * * * must be deemed within the obligation of the surety company."

Such liability includes all materials used in the work and all labor performed on such work whether by a contractor or other. Amerman v. State, 111 Okla. 174, 239 P. 146. The term "material" does not include equipment (W. R. Pickering Lbr. Co. v. Fuller, 117 Okla. 53, 244 P. 760); and rentals on equipment are not within the terms of the bond (Southern Surety Co. v. Municipal Excavator Co., 61 Okla. 215, 160 P. 617); and neither are repairs nor improvements on trucks which survive the completion of the project (Fuller v. Brooks, 117 Okla. 252, 246 P. 369). The material must be either used in or consumed in the project (Tway v. Thompson, 160 Okla. 279, 16 P. (2d) 76). As stated in the case of Green Construction Co. v. Chorn, 173 Okla. 85, 46 P. (2d) 499:

"The statute contemplates manual labor, not mechanical force, and material as distinguished from equipment."

The defendant in error cites a number of decisions from the federal courts and from other jurisdictions in support of his contention that incidental and minor repairs to the equipment and machinery are within the terms and spirit of a bond such as we have here. He also cites several prior decisions of this court, to wit, Eagle Oil Co. v. Altman, 129 Okla. 98, 263 P. 666, and Hyde Construction Co. v. Frickenschmidt, 140 Okla. 290, 284 P. 34, which latter cases have been reviewed and discussed in Green Construction Co. v. Chorn, supra. An examination of the cases cited, however, reveals that they are either not applicable to a situation such as here presented, or else they run counter to the rules heretofore adopted by this court as announced in the cases which we have heretofore cited. The labor performed and the materials furnished by the defendant in error, and for which he seeks recovery against the surety here, were performed and furnished in the repair of equipment and not in the construction of the bridge. The bond was given solely to guarantee the payment of any indebtedness due for the materials or labor furnished and performed on or in connection with said bridge. The proof fails to show that the repairs made to the trucks were not such as would survive the completion of the project, but rather tends to show that they did so since the defendant in error testifies that the trucks were carried away after the project was completed. The evidence of the defendant in error further establishes the fact that the repairs made on the equipment consisted of complete overhauling jobs on three different trucks. Under the record before us and the authorities above cited, we are of the opinion that the defendant in error, as a matter of law, was not entitled to a judgment in any amount against the surety on the bond of the Green Construction Company. The cause is, therefore, reversed, with directions to enter a judgment in favor of the surety company, plaintiff in error here.

Reversed, with directions.

OSBORN, C. J., and RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.