## UNITED STATES FIDELITY & GUARANTY CO. v. ED HOCKADAY & CO.

No. 27433.   Feb. 8, 1938.

A. J. Welch, for plaintiff in error.

Meacham, Meacham & Meacham, for defendant in error.

DAVISON, J. The Green Construction Company entered into a contract with the board of county commissioners of Custer county whereby it contracted to build and make a certain public improvement, the construction of the South Canadian river bridge in said county. The Green Construction Company furnished the statutory bond required, given and underwritten by the plaintiff in error, United States Fidelity & Guaranty Company, conditioned that the Green Construction Company, as contractor, should pay all indebtedness incurred for labor or material furnished in the construction of said bridge.

In the construction of the bridge, Green Construction Company purchased from Ed Hockaday & Company certain goods, materials, including hardware, of the aggregate value of $323.92. There was paid on said account the sum of $117.79, and payment on the balance was refused. Thereafter, Ed Hockaday & Company, as plaintiff, instituted this suit against the Green Construction Company and the United States Fidelity & Guaranty Company to recover the balance alleged to be due.

The Green Construction Company filed its answer, but did not appear to defend the cause, but permitted judgment to be taken against it. The action was contested by said surety company on the ground that the materials so furnished were not within the purview and purpose of the bond which it had executed. The cause was tried to the court and judgment was rendered against the Green Construction Company and its surety for the balance alleged to be due.

The United States Fidelity & Guaranty Company brought this appeal.

The only question necessary to consider here is: Can the material so furnished as shown on account for balance due be classed as "material," as used in section 10983, O. S. 1931, and for which a builder's bond is liable.

The statement of account shows, among other similar classes of material, a double-bit axe, a quart measure, hack saw, valve grinding. lanterns, pipe wrenches, padlocks, buckets, chains, cable chains, hack saw blades, claw hammers, nails, plow handles, etc.

It seems to be a well-established rule that in order to charge a contractor's bondsmen for the price of material furnished on public work of this nature, such material must be either entirely consumed in the project from which the bond arose or the material must lose its identity to the extent of becoming a part of the structure. Green Construction Co. v. Chorn et al., 173 Okla. 85, 46 P. (2d) 499, and cases therein cited.

In Pickering Lbr. Co. v. Fuller, 117 Okla. 53, 244 P. 760, this court held:

"If the consumption of the material, or its value, in a public improvement depends upon the period of time and extent of use, it falls within the classification of equipment. Recovery cannot be had on the builder's bond for such material, or equipment"

—and said:

"Recovery cannot be had for the partial wear or partial value, consumed in the use of the equipment on some particular improvement." Citing Fuller v. Brooks, 117 Okla. 252, 246 P. 369.

In Tway et al. v. Thompson et al., 160 Okla. 279, 16 P. (2d) 76, this court held:

"Lumber and material furnished a subcontractor for use in making concrete forms to be used in connection with the construction of cement culverts on a state highway and which material is entirely used and consumed in the construction thereof and rendered valueless thereby and incapable of removal and use in a like structure, is such material as comes within the provisions of a road construction bond executed pursuant to section 7486, C. O. S. 1921 (O. S. 1931, sec. 10983), and for which material the surety on the bond may be held liable."

This court in Fuller v. Brooks, supra, said:

"The defendants would be liable for the oil and gas consumed by the truck while used in transporting materials for use in the completion of the public highway. The defendants would not be liable for such repairs and improvements as were made and placed upon the trucks and survived the completion of the project." Citing Rittenhouse & Embree Co. v. Brown Co., 254 Ill. 549, 98 N. E. 971.

From the account for material furnished and sued upon herein and the testimony taken, it is difficult to ascertain the exact items entirely consumed in the project and the material which lost its identity to the extent of becoming a part of the structure, but we conclude that the following items should have been allowed and are by this court allowed, and none others, to wit: Dynamite, $3.60; dynamite caps, $7.20; blasting powder, $7.50; fuse, $14.85; white lead, $13.90; filler con., $12.50; solder, $2.90; babbit, .80c; turpentine, .75c; paint, .30c; sand, $1.00; and nails, $24.70.

Upon the filing by the plaintiff of a remittitur of $126.13, the judgment will be affirmed, otherwise a new trial is granted.

BAYLESS, V. C. J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur. OSBORN, C. J., and PHELPS and HURST, JJ., absent.