NATIONAL AUTOMOBILE and CASUAL-
TY INSURANCE COMPANY OF LOS AN-
GELES, CALIFORNIA, Plaintiff in Error,

v.

Wick ADAIR, d/b/a Wick Adair Trucks,
Defendant in Error.

No. 36844.

Supreme Court of Oklahoma.

Nov. 15, 1955.

Rehearing Denied Jan. 24, 1956.

Hanson, Green & Moran, Vernon L. Martin, Oklahoma City, for plaintiff in error.

Robert J. Wimbish, Ada, for defendant in error.

WILLIAMS, Vice Chief Justice.

Wick Adair, doing business as Wick Adair Trucks, hereinafter called plaintiff, filed his action against National Automobile and Casualty Insurance Company of Los Angeles, California, hereinafter called defendant, alleging that he obtained a judgment against J. E. Simmons for $308.76 and that the defendant executed a bond required by 61 O.S.1941 § 1 to cover the liability. The defendant answered stating that the judgment rendered was for hauling equipment to and from the job to be performed under contract by J. E. Simmons with the State Highway Department and was therefore not within the terms of said bond. Judgment was entered for the plaintiff on a motion for directed verdict and the defendant appeals.

The record discloses that J. E. Simmons was a contractor on a highway project between Fittstown and Ada, Oklahoma; that plaintiff is a subcontractor and Simmons hired him to haul a roller and a "rooter", the latter an article of equipment used to crush rock and break up hard substances, which equipment was used in the completion of the project. The roller was hauled to the job, the remaining equipment was hauled away from the job. The total amount due for said hauling was $558.76, and the action was brought for this amount. During the pendency of the action Simmons paid $250 leaving a balance due of $308.76.

Defendant presents seven assignments of error. In the brief they are presented in two propositions. They are: that the service performed in hauling the equipment to the project is not within the terms of the statutory bond; and second, hauling the equipment from the project is not covered by the bond. The statute at the time the service was performed was 61 O.S. 1941 § 1, and is as follows:

"Whenever any public officer shall, under the laws of the State, enter into

contract in any sum exceeding one hundred dollars, with any person or persons, for purpose of making any public improvements, or constructing any public building or making repairs on the same, such officer shall take from the party contracted with a bond with good and sufficient sureties to the State of Oklahoma, in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building or in making said public improvements."

The bond given was to pay all material and labor performed under the terms of said statute.

Defendant cites Southern Surety Co. v. Municipal Excavator Co., 61 Okl. 215, 160 P. 617, L.R.A. 1917B, 558; Pickering Lumber Co. v. Fuller, 117 Okl. 53, 244 P. 760; Fuller v. Brooks, 117 Okl. 252, 246 P. 369; Sherman Machine & Iron Works v. Iverson Specialty Co., 171 Okl. 641, 43 P.2d 1044; Green Construction Co. v. Chorn, 173 Okl. 85, 46 P.2d 499; United States Fidelity & Guaranty Co. v. Cagg, 181 Okl. 569, 75 P.2d 412; United States Fidelity & Guaranty Co. v. Ed Hockaday & Co., 182 Okl. 73, 76 P.2d 911, together with some other cases outside the jurisdiction of this court. It will be necessary to notice only the cases from this jurisdiction. The above cited cases are authority for the rule that rental for equipment and equipment and the repairs thereon are not within the terms of the bond. Neither party has cited a case directly in point and an independent research has failed to disclose a single case in which the hauling of equipment owned by the contractor performing the work is discussed in a case touching the liability under the bond. See annotations in 46 A.L.R. p. 511; 44 A.L.R. p. 381; 84 A.L.R. p. 460.

The last citation is found following the case of Tway v. Thompson, 160 Okl. 279, 16 P.2d 76, 84 A.L.R. 457, in which this court held that lumber and material furnished a subcontractor for use in making concrete forms which is used and consumed in the construction of a project is within the terms of the bond. This court has also held that feed furnished a subcontractor for teams used in making road improvements is within the terms of the bond. Hyde Constr. Co. v. Frickenschmidt, 140 Okl. 290, 284 P. 34. And oil and gasoline furnished is likewise within the terms of the bond. Southern Surety Co. v. Corbit, 142 Okl. 103, 285 P. 949; Eagle Oil Co. v. Altman, 129 Okl. 98, 263 P. 666. We have held that the provisions for liability under the bond is broader than liability under mechanic's lien statutes. Federal Surety Co. v. St. Louis Structural Steel Co., 111 Okl. 208, 239 P. 154; Fuller v. Brooks, supra. We have likewise held that it covers labor and material furnished to contractor or subcontractor. Amerman v. State, for the use of Bromide Crushed Rock Co., 111 Okl. 174, 239 P. 146; United States Fidelity & Guaranty Co. v. Ed Hockaday & Co., supra. In United States Fidelity & Guaranty Co. v. Cagg, supra [181 Okl. 569, 75 P.2d 414], it is stated:

"The statute (section 10983, O.S. 1931 (61 Okl.St.Ann. § 1) requires that the bond be 'in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building or in making said public improvements.' The liability of the principal and surety under a bond given pursuant to the aforesaid statute is not confined to labor and materials for which a lien ordinarily could be claimed. Federal Surety Co. v. St. Louis Structural Steel Co., 111 Okl. 208, 239 P. 154. But as said in Lohr & Trapnell v. [H. W.] Johns-Manville Co., 77 Okl. 6, 185 P. 526: 'Materials used in the construction of a public work, whether furnished under the contract directly to the contractor or to a subcontractor * * * must be deemed within the obligation of the surety company.'"

In Fuller v. Brooks, supra [117 Okl. 252, 246 P. 371], it is stated:

" * * * The use of labor for transporting, and conveyances for

transporting, from the quarry to the place of the improvements are as necessary in the course of the construction of the public improvement as the labor required to place the material in the public improvement. Therefore, recovery has been allowed for labor expended in transporting the material to the place where it is to be used in the public improvement, and for rental on cars, track, and equipment used in the transportation of the material. * * *"

We are of the opinion and hold that this case comes under the rule that labor in connection with material furnished is covered by the bond. The labor was expended and nothing remains that could be referred to as repairs of a permanent nature on said equipment. Transporting the equipment to and from the job or project is just as essential as labor on the project. The trial court did not err in entering judgment for plaintiff.

Judgment affirmed.

DAVISON, HALLEY, BLACKBIRD and HUNT, JJ., concur.

JOHNSON, C. J., and WELCH and CORN, JJ., dissent.